White v. Ryan & Martin.

---

# WHITE vs. RYAN & MARTIN.

[PETITION FOR REHEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Sufficiency of petition.*—A defendant, against whom a final judgment on verdict has been rendered, cannot obtain a rehearing, on the ground of surprise, accident, mistake, or fraud, (Code, § 2408,) when his petition shows that, at the trial term of the cause, after employing an attorney, and filing a plea in bar, he left the court without putting his attorney in possession of the means for trying or continuing the suit; and the fact that he thought it impossible to reach his case, is no excuse for his conduct, when his opinion was formed from the appearance of the docket, and from the opinion of the presiding judge and others expressed in conversation out of court.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. NAT. COOK.

White v. Ryan & Martin.

In this case, a final judgment on verdict having been rendered in favor of Ryan & Martin against Zachariah White, the defendant filed a petition for rehearing, within the period allowed by the statute; the material allegations of the petition being as follows: "Your petitioner was surprised to learn that, at the last term of said circuit court, a judgment was rendered against him, in favor of Ryan & Martin. Your petitioner avers, that he had, as he believed, a good defense to said action, and had employed counsel to defend the same, whom he had advised of his defense, which consisted of a failure of consideration. * * * Your petitioner remained at court, until it was thought impossible to reach the case, with a view to try the cause, if possible, and, if not, to continue it for want of the testimony of Morris D. Vance and Jesse Burgess, by whom he expected to prove the facts above stated relative to the failure of consideration. Said Vance was subpœnaed in said cause, and was in attendance during the early part of the week, and left without your petitioner's consent. Said Burgess was not subpœnaed, because your petitioner did not know, with certainty, what his testimony would be, until it was too late to procure it; the writ not having been served on your petitioner until a short time before the expiration of twenty days before court, when your petitioner was in such a condition that he was unable to make preparations for his defense as fully as he would otherwise have done. Your petitioner believes that, if he had any thought that said cause could have been reached, he could and would have prepared himself for trial, even after the meeting of the court; but his witnesses, who were attending court at his request, left before the trial, under the belief that the case could not be reached; which opinion was formed after conversing with, and partly from the same opinion expressed by, the presiding judge, the solicitor, and others with whom your petitioner conversed, or whose opinion your petitioner heard. Your petitioner, from ill health, could not attend to preparing his case for trial before court, as he would have otherwise done; but, if he had been fully prepared, so utterly impossible did he think it would be

to reach the case, he probably would not have remained at court; his business at home. calling him pressingly away, and inducing him, under the circumstances, to leave court before the case was reached." The circuit court sustained a demurrer to the petition, and its ruling is now assigned as error.

B. T. Pope, for the appellant.

Walker, Cabaniss & Brickell, *contra*.

RICE, C. J.—After the adjournment of the term of the circuit court at which it has rendered the final judgment in a cause, the right to apply to it for a re-hearing, or new trial, did not exist before the Code went into effect. By section 2408 of the Code, that right was given, not to defendants generally, but to those only who had been prevented from making their defense by surprise, accident, mistake, or fraud, *without fault on their part.*—Pratt v. Keils, 28 Ala. R. 390.

The statute which gives the right, prescribes four months from the rendition of the judgment as the time, and a petition to a judge of the circuit court as the mode, in which it must be asserted, (Code, §§ 2408–2414;) and of course, the right must be asserted within the time and in the mode thus prescribed.—Samuels v. Ainsworth, 13 Ala. R. 366; Bettis v. Taylor, 8 Porter's Rep. 564.

Although the petition may show that the defendant was prevented from making his defense by surprise, accident, mistake, or fraud; yet, if it shows nothing more, and fails to show that he was so prevented *without fault on his part*, it discloses no right to obtain a rehearing under the Code, or under any other law.

Tested by the rules above laid down, the petition in the present case was radically defective; for, if all the facts stated in it are true, they would not authorize any court, having regard for well-established legal principles and a sound public policy, to say that the defendant was prevented from making his defense in the original cause, *without fault on his part.*—Stinnett v. Br. Bk. at Mobile, 9 Ala. R. 120; Pharr & Beck v. Reynolds, 3 *ib.* 521; Stein

v. Burden, 30 Ala. R.; Paynter v. Evans, 7 B. Monroe, 420; Lawson v. Bettison, 7 Eng. (Arkansas) R. 401; Land v. Elliott, 1 Smedes & Marsh. 608.

If there was no other fault on his part, there was this, that he left the court during the trial term of the original cause, after employing an attorney, and filing a plea in bar, without putting that attorney "in possession of the means for trying or continuing the suit, if the witnesses did not attend."—Pharr & Beck v. Reynolds, *supra*. The excuse alleged for his conduct, that he thought it impossible to reach the case, is wholly inadmissible. See what it would lead to, if every defendant might, by forming such an opinion as to his case, relieve himself from the employment of ordinary or reasonable diligence, and then be allowed to set it up as a title, in whole or in part, to a rehearing. The true position is this: that if a defendant forms such opinion, not from any thing said or done by the plaintiff or the plaintiff's attorney, but from the appearance of the docket, and the opinions of others, including the presiding judge, expressed in conversations out of court, he cannot act upon it, *except at his own peril;* and if he does act upon it, he must take the consequences, one of which is that he shall not be treated as a party *without fault.*—Stein v. Burden, and others cases, *supra;* Yancey v. Downer, 5 Litt. Rep. 8; Bateman v. Willoe, 1 Schoales & Lefroy, 201; Davis v. Presler, 5 Smedes & Marsh. 459; Green v. Robinson, 5 How. (Mississippi) Rep. 80; Faulkner v. Harwood, 6 Randolph's Rep. 125.

The errors assigned as to the rulings of the court on the trial of the original cause, cannot be considered, because the appeal is not taken from the judgment in the original cause; and if it had been, it would have been barred by lapse of time.—Code, § 3040. The appeal is from the judgment sustaining the demurrer to, and dismissing the petition for the rehearing, as to which there is no error.

Judgment affirmed.