## SHIELDS *vs.* BURNS.

[APPLICATION FOR REHEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Facts insufficient to authorize rehearing.*—A defendant, against whom a judgment by *nil dicit* has been rendered, cannot obtain a rehearing, (Code, § 2408,) on proof that he had employed an attorney to defend the suit for him, and informed him of his defense ; that he did not attend the court in person, because his attorney advised him that it was unnecessary for him to do so, inasmuch as the cause must be continued ; that his attorney, on the call of the docket, entered an appearance for him, and stated that he had a good defense ; and that, when the cause was regularly reached for trial, his attorney was absent from the court-house, in consequence of unexpected business in which he was personally interested, and did not hear the call of his name.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. ROBT. DOUGHERTY.

IN this case, the appellee filed a petition, under section 2408 of the Code, to set aside a final judgment which had been rendered against him, at the last preceding term of said circuit court, in favor of the appellant. The cause was submitted the decision of the court, as appears from the bill of exceptions, on the following agreed facts : "At the term of the court at which said judgment was obtained, Burns had employed one D. S. Harbin, an attorney of said court, to defend the suit, and stated to him, as a defense, that a garnishment had been served on him, at the suit of Cowles, Woodruff & Co., as creditors of Johnson & Champion, the payees of the note on which said suit was founded, and the transferrors thereof to said Shields, the plaintiff, requiring him to answer at that term of the court as to his indebtedness, if any, to said Johnson

& Champion; and that he had been notified by said
Shields, before the institution of said suit, that he was the
owner of said note. Harbin, as attorney, informed Burns
that these facts constituted a sufficient cause for continu-
ing said suit on the note until the next term of the court,
and advised him to go home. When said cause was
reached, on the regular call of the docket for judgments,
Harbin requested the court to enter his name as appear-
ing for the defendant. The plaintiff's attorney asked
him, what defense he had to make; and he replied, 'a
good one,' and briefly alluded to the defense above stated;
but nothing beyond this passed between the parties or
their attorneys, in relation to the suit. On the following
week, when the cause was regularly reached and called
for trial, no one responded for the defendant, and judg-
ment by *nil dicit* was thereupon rendered. Said Harbin
was called by the court, as attorney for the defendant;
but, being engaged outside of the court-house, on account
of an unexpected affair to which his brother was a party,
and in which he felt a deep interest, he did not hear the
call. He felt satisfied that the cause would not be called
in his absence, and fully intended to make the above
showing for a continuance of it. There was, however, no
agreement or understanding of any kind, between the
parties or their attorneys, for a continuance, or for delay.
The record of the garnishment suit shows that the gar-
nishment was served on said Burns."

On these facts, the court set aside the judgment, and
granted a rehearing of the original cause; to which the
plaintiff therein excepted, and which he now assigns as
error.

J. F. CLEMENTS, for the appellant.

No counsel appeared for the appellee.

RICE, C. J.—The application in this case was made
within proper time; that is, "within four months from
the rendition of the judgment." It was tried upon the
"agreed facts" set forth in the bill of exceptions, and
must be here tried upon them. Looking alone to them,

Shields v. Burns.

it is doubtful, to say the least of it, whether any court could say that the defendant was "prevented from making his defense, by surprise, accident, mistake, or fraud."—Crawford v. Clute, 7 Ala. R. 157; Crawford v. Slade, 9 *ib*. 887. But, conceding that he was so prevented; still that, of itself, is not sufficient to entitle him to a rehearing. He must, in addition to that, show that the prevention was "*without fault on his part.*"—White v. Ryan, at the present term, and authorities there cited. If he lost the opportunity of making his defense, by the neglect, inattention, or mistaken counsel of his own attorney, without any fraud or unfairness of the adverse party, it is, in law, *as between him and the adverse party*, the same thing as if he had lost it by his own neglect, inattention or fault. "For injuries resulting to clients, from negligence or inattention on the part of their attorneys, courts cannot give redress against the other party to the suit. Redress must be sought in a new action, against a new party."—Henck v. Todhunter, 7 Har. & Johns. 275; Kent v. Ricards, 3 Maryland Chancery Decisions, 392; Lawson v. Bettison, 7 Eng. (Arkansas) Rep. 401; Barrow v. Jones, 1 J. J. Marsh. 440.

The agreed facts do not show any sufficient excuse for the absence of the defendant and his attorney when the judgment complained of was rendered. As both of them were then absent, and no sufficient excuse is shown for the absence of both, we cannot say that one of them should not then have been present; nor can we say that the defendant was prevented from making his defense "without fault on his part." And as we cannot say he is without fault, we are bound to decide, that he is not entitled to a rehearing of the original cause.—See authorities cited *supra;* also, Yancey v. Downer, 5 Litt. Rep. 8; Paynter v. Evans, 7 B. Monroe, 40; Saunders v. Fisher, 11 Ala. R. 812.

As the case is presented by the agreed facts, we cannot know but that the defendant may have already answered as garnishee, and been discharged, or been put in a position of safety, as against the plaintiff in the garnishment. It does not even appear in the agreed facts, that the gar-

nishment was served upon him *before* this suit was commenced.   It.is clear, therefore, that the defendant is not entitled to have the judgment in the original cause set aside, and a rehearing granted.   Whether he can show himself entitled to a stay of execution or other relief, under the decisions made in Crawford v. Clute, and Crawford v. Slade, *supra*, or under section 2406 of the Code, we can not decide in the existing state of the record.

The circuit court erred, in setting aside the judgment in the original cause, and in quashing the execution upon the agreed facts.   Its judgment is, therefore, reversed, and the cause remanded.