## ELLIOTT *vs.* COOK.

[APPLICATION FOR REHEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Facts insufficient to authorize rehearing.*—After final judgment on verdict, the defendant cannot obtain a rehearing, (Code, § 2408,) by showing that his witnesses were absent at the trial term; that he was ruled to a strict showing for a continuance, contrary to the usual practice of the court, and was unable to state fully the facts which his witnesses would prove; and that the jury, being anxious to return to their homes on Saturday evening, decided the case without due deliberation.

APPEAL from the Circuit Court of Lauderdale.

(The name of the presiding judge is not shown by the record.)

THIS was an application for a rehearing after final judgment at law, under section 2408 of the Code. The application was made by Robert Elliott, against whom a judgment had been rendered in favor of Lemuel Cook, at the April term, 1857, of said circuit court, and alleged these facts: That the action was instituted at the April term, 1857, and sought to recover for pretended services rendered by the plaintiff therein, as counsel for the defendant in two chancery cases; that the petitioner "made every effort to be ready for the trial of the cause," by having certain named persons summoned to attend as witnesses; "that none of said witnesses were in attendance,—some being detained by sickness, and others from business engagements and other causes which petitioner

could not control;" that he was advised by his counsel "that the practice of the court, in litigated cases, was to grant continuances at the first term, where the parties were not fully ready, upon their affidavit that they had a good and substantial defense to the merits of the suit;" that the court, "from some cause, departed from this usual practice, and required him to make a strict showing, which he could not do as fully as the witnesses themselves would make, not having had time to see and converse with all of them, so as to know fully what they would prove;" "that he was thus forced to a trial wholly unprepared, late on Saturday evening, when the jurors were tired, and restless, and anxious to go to their homes, many of them residing some distance in the country;" "that his case was thus summarily disposed of, without that fair and impartial trial which courts of law are bound to render to every citizen;" and that he had a valid defense against the plaintiff's claim, which he could establish at the next term of the court.

The court sustained a demurrer to the petition, and its ruling is now assigned as error.

ELMORE & YANCEY, for the appellant.

J. W. SHEPHERD, contra.

WALKER, J.—The appellant does not show, by his petition, that he was "prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part." The demurrer to the petition was, therefore, properly sustained; and the judgment of the court below must be affirmed.—White v. Ryan & Martin, 31 Ala. 400; Stewart v. Williams, at the present term.