# STEWART *vs.* WILLIAMS.

[APPLICATION FOR REHEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Facts not sufficient to authorize rehearing.*—After judgment on verdict against the plaintiff, in an action brought by him to recover the price of a negro sold to defendant, he cannot obtain a rehearing under the statute, (Code, § 2408,) by showing that his bill of sale for the slave, which was read in evidence on the trial by the defendant, by mistake contained a warranty both of soundness and title, instead of a warranty of title only; that he was not apprised of the mistake until after the trial, and was not personally present at the trial, which was had at a place seventy miles distant from his residence; that the case had been previously referred to arbitrators, but the submission was rescinded on account of the defendant's failure to comply with its stipulations; and that the case was afterwards tried before the plaintiff had any knowledge of its condition.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. ROBERT DOUGHERTY.

THIS was an application for a rehearing after final judgment at law, under section 2408, by Ezekiel Stewart, who was the plaintiff in the action at law. The action was commenced in April, 1846, and was founded on the defendant's promissory note for $35, and his breach of a written agreement to deliver to plaintiff a horse, wagon, and yoke of oxen. The note and property mentioned were the agreed price of a negro and a mare, sold and delivered by plaintiff to defendant, on a contract of exchange or sale. The cause was tried at the spring term of the court, 1855, and resulted in a verdict and judgment for the defendant, for $173 53, besides costs.

The facts alleged in the petition for a rehearing were these: That the bill of sale for the slave, which was read in evidence on the trial by the defendant, contained a warranty both of title and soundness; that said bill of sale, if ever executed at all by the petitioner, "was executed under a mistake on his part as to its legal effect, as it was expressly understood between him and the defendant, at the time of the sale, that only the title to the slave

was warranted;" that he had always believed that it contained only a warranty of title, and had informed his attorney that such was the fact; that the bill of sale, as read in evidence, operated a surprise on his attorney, as well as a fraud on his rights; that he was not present at the trial, having removed from the county several years before that time, and then residing about seventy-five miles from the court-house where the trial was had; that he was not apprised of the mistake in the bill of sale until after the trial; that the cause had been once referred to arbitration, at the instance of the defendant, but the agreement of submission was rescinded, on account of the defendant's failure to comply with its stipulations, and the cause was reinstated on the trial docket; and that "the suit was afterwards tried before petitioner had any knowledge of its condition."

The court sustained a demurrer to the petition, and its judgment is now assigned as error.

JNO. T. HEFLIN, for the appellant.

STONE, J.—The remedy provided by the Code, (sections 2408, *et seq.*,) is purely statutory. To claim the benefit of its remedial provisions, the applicant must set forth in his petition facts which show that, *without fault on his part*, he "has been prevented from making his defense by surprise, accident, mistake or fraud;" and this application must be made within four months after the rendition of judgment.

In Pratt v. Keils, 28 Ala. 390, and in White v. Ryan & Martin, 31 Ala. 400, we construed the sections of the Code which confer the remedy invoked in this case. In the case last cited, the reasons offered in support of the application for a rehearing were much stronger than those found in this record. Yet we said in that case, "If all the facts stated in it are true, they would not authorize any court, having any regard for well established legal principles and a sound public policy, to say that the defendant was prevented from making his defense in the original cause, *without fault on his part.*" That case is

decisive of this. The petition being fatally defective, it did not present a case of which the court could take jurisdiction, in this summary way; and the circuit court did right in repudiating the cause. The demurrer is not found in the record; and, if necessary, we would intend it was formally put in.

Judgment of the circuit court affirmed.