## ALLINGTON vs. TUCKER.

[PETITION FOR REHEARING, AFTER FINAL JUDGMENT, ON GROUND OF ACCIDENT OR SURPRISE.]

1. *What constitutes accident or surprise.*—A defendant in a judgment at law can not obtain a rehearing under the statute, (Code, § 2408,) because he had forgotten, at the trial, that he had previously made a tender, which was refused, and which was less than the amount of the verdict in favor of the plaintiff ; nor because an important witness, who was not subpœnaed, "moved and travelled about a great deal, and it was exceedingly difficult to ascertain his whereabouts, so as to obtain his testimony."

APPEAL from the Circuit Court of Lauderdale. Tried before the Hon. WM. S. MUDD.

THE appellee in this case obtained a judgment against the appellant, on the 16th April, 1857, for $32 50. The

judgment was founded on a note for $80, which was given for the price of a horse; and was rendered on the verdict of a jury. On the 21st July, 1857, the appellant filed his petition for a rehearing in the case, alleging the following facts as grounds of relief : "The court instructed the jury, on the trial, that although they might believe there had been a breach of the warranty, and that the horse was unsound at the time of the sale; yet, if they believed that the horse was of any value at all, they must find for the plaintiff to that amount, unless the defendant had returned or offered to return the horse to Tucker, or had tendered to said Tucker the actual value of the horse before suit brought. Petitioner states, that he failed to prove on the trial either a return of the horse, or an offer to return him, or a tender of any amount before suit brought; and that he had entirely forgotten the fact, that he had, through his attorneys, before the commencement of the suit, made a tender in writing of twenty dollars, which was more than the actual value of the horse, and was only intended to buy his peace. Petitioner had entirely forgotten the fact at that time, and the circumstances were only brought to his mind by the accidental discovery, since the trial, of a paper which had been long lost," &c. "Petitioner further states, that on another trial he can prove, by one C. W. Mitchell, who resides in Texas, that petitioner wrote said letter to Tucker, shortly after the purchase of said horse, stating that the horse was unsound, and offering to return him to said Tucker. Said Mitchell moved and travelled about a great deal before said trial, and it was exceedingly difficult to ascertain his whereabouts, so as to obtain his testimony; but petitioner has learned, since said trial, where said Mitchell resides, and is confident that he can procure his testimony on another trial." The court sustained a demurrer to the petition, and its ruling is now assigned as error.

WALKER & BRICKELL, for appellant.
GOLDTHWAITE, RICE & SEMPLE, *contra*

Hardaway v. Semmes.

STONE, J.—The averments of the petition in this case do not make out a case of surprise, accident, mistake, or fraud, without fault on the part of the petitioner, for which section 2408 of the Code makes provision. No surprise or fraud is alleged; and the only accident or mistake asserted is, that the petitioner had entirely forgotten at the trial that, before suit brought, he had, through his attorneys, tendered $20, which was refused; and that an important witness ofhis "moved and travelled about a great deal before said trial, and it was exceedingly difficult to ascertain his whereabouts, so as to obtain his testimony." As to the alleged tender, it is claimed that the petitioner made it through his attorneys; yet he asserts that he had entirely forgotten so important a feature in his defense. This is not accident, without fault on his part. Moreover, the tender was insufficient in amount, as shown by the verdict. If we were to grant a rehearing, on the ground that a witness moved and travelled about a great deal, so that it was exceedingly difficult to ascertain his whereabouts, we apprehend few verdicts would stand. The law exacts diligence from suitors; and if necessary, parties must, in the preparation of their causes, combat and overcome difficulties.—*White v. Ryan*, 31 Ala. 400; *Elliott v. Cook*, 33 Ala. 490; *Stewart v. Williams*, ib. 492.

Judgment affirmed.