Dothard v. Teague.

## DOTHARD *vs.* TEAGUE.

[PETITION FOR RE-HEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Sufficiency of petition.*—A defendant in an action at law, upon whom process was served in September, 1862, and against whom a judgment by default was rendered in February, 1866, can not obtain a re-hearing or new trial under the statute, (Code, § 2408,) by averring in his petition that he "was conscripted" on the same day the summons was served; that the process was executed by a special deputy of the sheriff, who did not inform him of his authority; that, knowing the officer was not a regular deputy, and not being informed of his special appointment, "he believed it to be a trick of the plaintiff's to scare something out of him"; that "he labored under the belief that, before anything further could be done, some other notice would have to be given"; that, but for this mistake and inadvertence on his part, he would have appeared and defended the action, to which he had a good defense; and that "there was a general belief among the people of the county, in which he participated, that the judicial and ministerial acts of those in office during the war would be held void and of no effect." These averments do not show accident, surprise, mistake of fact, or fraud, nor negative fault and negligence on his own part.

Dothard v. Teague.

2. *Amendment of petition.*—There is no statute, or rule of practice, which prohibits an amendment, by leave of the court, of a petition for a rehearing or new trial after final judgment at law, (Code, § 2408;) consequently, an amendment may be allowed, after a demurrer has been sustained to the original petition.

3. *When appeal lies.*—By the long and unquestioned practice of this court, an appeal lies from a judgment granting a re-hearing or new trial, (Code, §§ 2408 *et seq.,*) after final judgment.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. JOHN HENDERSON.

THE appellant in this case obtained a judgment in said circuit court, against the appellee, on the 28th February, 1866. The action was in trover, for the conversion of a "copper still," and was commenced on the 16th September, 1862; the summons being executed on the 20th September, by one J. B. Watson, as special deputy of the sheriff. The judgment was by default, with writ of inquiry, which was executed on the same day. On the 20th March, 1866, the defendant in the judgment filed his petition for a re-hearing, or new trial, under the statute. The following are the material averments of the petition : " Your petitioner represents, that by reference to his descriptive list it appears that he was conscripted on the 20th September, 1862, the day the summons shows him to have been served; and he further represents, that he went into actual service on the 20th October, and continued in service until the close of the war. Shortly after the close of the war, it occurred to him that he had been served with a summons in this case by J. B. Watson ; but, not knowing nor believing said Watson to be either sheriff or deputy sheriff, he believed it to have been a trick of Dothard's to scare something out of him, as he had never pretended to own the still in controversy; and he labored under the belief that, before any thing could be done, some other notice would have to be given, as he has no recollection that said Watson gave him any notice of his authority to serve said summons as a special deputy, and said Watson was not at the time a regular deputy. Petitioner further states, that he was so well satisfied in his own mind that it was a trick of Dothard's

Dothard v. Teague.

to scare something out of him, knowing that said Watson was not a general deputy of the sheriff, that it caused him very little concern; and he does not now remember that the transaction, or the existence of such a suit, had occurred to his mind for six months preceding the last term of said court; and consequently it did not occur to him that he had any business in court, and he was not in attendance on the court when said judgment was rendered. Petitioner states that, but for the mistake and inadvertence set forth in this petition, he should have appeared, and made defense to said action; that said judgment was in fact a perfect surprise to him; that he has a good defense to the merits of said action, and can prove," &c.

The court sustained a demurrer to this petition, but allowed the petitioner to amend it; and the following averments were then added to it: "Petitioner states positively that, at the time of the service of said summons and complaint, said Watson was not the regular deputy of the sheriff of said county, but, as appears by an endorsement on the original summons and complaint, had been specially deputized to serve the same; which endorsement was not transferred on the copy served on petitioner, that he now recollects of, and he verily believes that such an endorsement never was made; the copy being lost or mislaid, so that it cannot now be produced. Said Watson gave petitioner no notice of such authority on his part, but handed the copy of the summons and complaint to him, without saying one word about his authority. Petitioner did not recognize said Watson as either the general or special deputy of the sheriff, for the reason that said Watson did not inform him of his authority to. act. Petitioner further states, that there was a general belief among the people of this county, in which he participated, that the judicial and ministerial acts of those in office during the war would be held void and of no effect; and that, therefore, new notice would have to be given, if not new suits commenced."

The court overruled a demurrer to the petition as amended, and granted a re-hearing of the cause as prayed. The plaintiff excepted to the allowance of the amendment, and

Dothard v. Teague.

to the overruling of his demurrer to the amended petition; and he now assigns these rulings of the court as error, together with the judgment granting a re-hearing.

W. H. FORNEY, and JAMES AIKEN, for appellant.

BYRD, J.—The petition for a new trial, when subjected to the test of the principles and rulings announced in the following cases, cannot be sustained; and the demurrer thereto should have been.— *White v. Ryan & Martin,* 31 Ala. 400; *Shields v. Burns,* 31 Ala. 535; *Elliott v. Cook,* 33 Ala. 490; *Stewart v. Williams,* 33 Ala. 492. If there was any accident, mistake, surprise, or fraud, which would authorize the granting a new trial, still the appellee does not show that he was *without fault.* If he made any mistake, it was one of law, and not of fact; and he states facts in the petition which should have put him on his guard, and made him diligent in making inquiry as to the pendency of the suit, and in preparing for its defense.

2. The court below allowed the appellee to amend his petition. It had the authority to do so, and we can perceive no error in the action of the court in this respect. Like all other legal proceedings, it is within the power of the court to allow an amendment of them before trial, unless there is some law or rule of practice prohibiting; and we know of none which inhibits it in such a case as this.— *Vide* cases cited above.

For the error pointed out, the judgment must be reversed, and the cause remanded for further proceedings.