KETCHUM AND WIFE *vs.* DENNIS AND WIFE.

[MOTION FOR NEW TRIAL ON SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *When appeal lies.*—The action of the primary courts in granting or refusing a new trial under the ordinance of the State convention adopted on the 28th September, 1865, (No. 26,) unlike their action on a petition for re-hearing under the Code, (§§ 2407–17,) will not support an appeal.

APPEAL from the Probate Court of Wilcox.

IN the matter of the petition of J. C. Dennis and Clara A. Dennis, (formerly Clara A. Cleagh,) his wife, to set aside a decree of said probate court, rendered on the 13th March, 1865, on final settlement of the accounts and vouchers of W. H. Ketchum and Willie S. Ketchum, as guardians of the said Clara, and to obtain a new trial of the cause.  The petition was sworn to, by both of the petitioners, before a notary public in New Orleans, on the 6th July, 1866; was filed in the office of the probate judge, on the 13th August, 1866; and alleged that said petitioners "were unavoidably absent at the time of the rendition of said decree—in fact, never had notice—had no attorney present in said court at the time of rendering said decree, and that a good and meritorious defense exists against said decree."  On the hearing of the application, on the 20th September, 1866, numerous objections were raised by the defendants, which require no particular notice.  The court overruled all the objections, and rendered the following decree : "This being the day to which said cause was continued, the parties came, by their attorneys, and the motion was submitted to the court; and the court being satisfied, from all the facts submitted by affidavit and inspection of the record, that a good and meritorious defense exists, it is therefore ordered, adjudged, and decreed, that a new trial in this cause be allowed and awarded, and a new trial is hereby allowed and awarded."  The defendants reserved exceptions to the

overruling of their several objections, and to the judgment or decree granting a new trial; and they now assign these matters as error. The appellees submitted a motion to dismiss the appeal.

WATTS & TROY, with A. B. COOPER, for the motion.—The action of the primary courts, in granting or refusing a new trial, is matter of discretion, and not revisable on error or appeal.—*Spence v. Tuggle*, 10 Ala. 538; *Benje v. Creagh's Adm'r*, 21 Ala. 151; *Walker v. Blassingame*, 17 Ala. 810; *Martin v. Higgins*, 23 Ala. 775. The ordinance of the State convention, under which the application for a new trial in this case was made, makes no provision for an appeal, but leaves the motion to be governed by the legal principles already well settled; while the statute which allows a re-hearing at law after final judgment, (Code, §§ 2407–17,) contemplates a new action at law, in lieu of a resort to a chancery suit.

R. H. SMITH, and COCHRAN & DAWSON, *contra*.—In ordinary motions for a new trial, the application is made during the term, and before the court has lost the control of its records. There is, properly speaking, no final judgment, but the whole matter is still *in fieri*. The application is made, too, to the judge who tried the cause, who has all the facts and incidents of the trial fresh in his mind, and whose discretion is governed by many circumstances which can not be brought to the knowledge of the appellate court. But an application for a new trial, under the ordinance of the State convention, is the commencement of a new action, which impeaches and sets aside the original action. The ordinance specifies the manner in which the application shall be made, the grounds on which it must be founded, and the time within which it must be made. The case is a new one, and is addressed to a new judge, who knows nothing of the merits of the original action, and could not be influenced by that knowledge, if he had any. The proceeding is strictly statutory, and the judge is invested with no discretion in the matter. The ordinance gives the right to a new trial, and the party who brings himself within its

terms is entitled to a new trial, as a matter of right. The refusal of this right, when it ought to be granted, or the granting of a new trial when the ordinance does not authorize it, is such a final judgment ss will support an appeal, under the general statutes.—Code, § 3016; Session Acts, 1857-58, p. 244. The application is strictly analogous to a petition for a re-hearing under the provisions of the Code, which is revisable on appeal.—*Shields v. Burns*, 31 Ala. 535; *White v. Ryan*, 31 Ala. 400; *Pratt & McKenzie v. Keils & Sylvester*, 28 Ala. 390; *Elliott v. Cook*, 33 Ala. 490; *Stewart v. Williams*, 33 Ala. 492; *Davis v. McCampbell*, 37 Ala. R. 609.

JUDGE, J.—A material difference exists, between an application for a re-hearing under section 2407 or 2408 of the Code, and an application for a new trial under the ordinance of the State convention, adopted September 28, 1865. An application for a re-hearing, under the Code, must be by petition, in which the matter complained of must be stated, with a prayer for the appropriate relief; and the court may direct the trial of all questions of fact by a jury, upon an issue made up under its direction. Such a proceeding contains more of the elements of an original action, than of a motion for a new trial, and bears a greater similitude to the former than to the latter. Hence, it has been held by this court, that a proceeding under the Code must be regarded as a new action, the object of which is to obtain a re-hearing and trial on the merits in the original action; consequently, appeals from final judgments in such proceedings have been entertained.—*Pratt & McKenzie v. Keils & Sylvester*, 28 Ala. 390; *White v. Ryan & Martin*, 31 Ala. 400; *Shields v. Burns, ib.* 535; *Garrett & Bibb v. Terry*, 33 Ala. 514; *Davis v. McCampbell*, 37 Ala. 609; *Elliott v. Cook*, 33 Ala. 490; *Stewart v. Williams*, 33 Ala. 492.

The ordinance of the convention provides that, "in all cases in which judgments or decrees have been rendered, in all courts of record in this State, since the 11th January, 1861, and prior to the date of this ordinance, the party against whom such judgment has been rendered shall be

13

entitled to a new trial, upon affidavit that he was unavoid-
ably absent from the court at the time of the rendition of
the judgment, and that he had no attorney present in the
court; *provided*, the court shall be satisfied, from all the
facts that may be submitted by affidavit by both parties,
that a good and meritorious defense exists."—Ordinance,
No. 26. As will be perceived, no proceeding for relief
against a judgment or decree, under the provisions of this
ordinance, can be any other than a mere motion for a new
trial. Judgments and decrees had doubtless been rendered
during the war, against parties at the time unavoidably ab-
sent; and we think it was intended by the convention, that
every such party should be placed in a condition, as re-
gards a new trial, as favorable as that which he would have
occupied, had he been present, in person or by attorney,
when the judgment or decree was rendered. Had such a
party been thus present, he might, before the expiration of
the term, have moved the court for a new trial; but no ap-
peal from the decision of the court on the motion could
have been taken by either party; for it has been the settled
law of this State, for a period of more than forty years,
that decisions on motions for new trials are matters within
the judicial discretion of the presiding judge, and not re-
visable on error.—*Phleming v. The State*, Minor, 42; Shep-
herd's Digest, 698, § 9. It follows, that no appeal will lie
from a decision and motion for a new trial, when the mo-
tion is made pursuant to the ordinance of the convention.
To hold otherwise, would be to overturn a long-established
rule, founded in wisdom, and beneficial in its results.

Appeal dismissed.