## LAWSON vs. MOORE.

[APPEAL FROM ORDER OF CIRCUIT COURT GRANTING A NEW TRIAL.]

1. *A new trial; when may be allowed.*—A rehearing and new trial may be allowed in a suit at law, if the application is made within four months after the rendition of the judgment in the case sought to be reheard.

2. *Same; when not allowed.*—But a rehearing and new trial will not be allowed for other grounds than those mentioned in the Revised Code.

3. *Appeal on an order granting a rehearing; when entertained.*—When all the evidence upon which a rehearing is granted is set out in the bill of exceptions, an appeal will be entertained by this court on an order allowing the rehearing, and the order will be reversed and cause remanded, if the evidence does not justify the order so allowed.

APPEAL from Circuit Court of Bullock.

Tried before Hon. J. McCALEB WILEY.

THE facts appear in the opinion.

RICE, SEMPLE & GOLDTHWAITE, for appellant.

J. N. ARRINGTON, contra.

PETERS, J.—This is a proceeding on application for rehearing in an action of debt commenced by attachment.

The bill of exceptions taken on the trial shows that the appellant, Lawson, who was plaintiff below, obtained judgment in the circuit court of Bullock county, against the appellee, Moore, who was defendant below, for the sum of $2,713 27 damages on the 26th day of November, 1868. This judgment was founded on a promissory note, bearing date on January 8, 1868, and due one day after date, for $2,666 67, with interest from the first day of January, 1864. The proceedings on the attachment seem to have been regular. The petition for rehearing was commenced on the first day of February, 1869, within four months from the rendition of the judgment in the case sought to be reheard. And it was tried at the February term of said circuit court in 1869, when the proof showed that the plaintiff, Lawson,

had sold a tract of land to the defendant, Moore, in 1863, for the sum of four thousand dollars, to secure which sum a promissory note was taken.  It seems that this note was to have been paid in Confederate treasury notes.  Afterwards, in compromise of this debt, on the 8th day of February, 1866, Moore executed his note to Lawson for the sum of $2,666 67, payable in specie or its equivalent.  This was the note sued on.  The defendant then proved that on or about the first day of January, 1864, treasury notes of the late Confederate States, commonly called Confederate money, was the only currency of the country in the neighborhood in which the transaction of the purchase of said land had taken place ; that the general custom in that neighborhood, at that time, was to execute notes payable in dollars and cents, and unless it was specified in the notes that they were to be payable in something else, it was understood that the payment was to be made in Confederate treasury notes ; and at the time of the execution of the original note, in February, 1863, they were worth in proportion of about twelve to one in gold ; that at the time said original note fell due, on the first day of January, 1864, said treasury notes were worth about twenty-one dollars in Confederate money to one in gold.  It was also shown that the said lands were not fertile, and did not lie near a town or village.  The plaintiff, Lawson, then admitted that he would have taken Confederate treasury notes in payment of the original debt, had they been tendered to him when the note fell due.  The proceedings under the attachment suit were then proven to the court.

This was, in substance, all the evidence offered on the trial.  Upon this, the court below set aside the judgment rendered on the 26th day of November, 1868, above said, and granted a new trial in the cause.  To this action of the court Lawson excepted, and now brings the case to this court by appeal.  There was no exception or objection to any testimony offered in the court below.

The error here relied on is the action of the court in setting aside the judgment rendered at the fall term, 1868, of the circuit court in favor of the said plaintiff, Lawson,

against the said defendant, Moore, for $2,713 27 and costs, and the granting of a new trial in said cause.

The circuit court has power, after final judgment, to grant a rehearing where a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, at any time within four months from the rendition of such final judgment.—Revised Code, §§ 2812, 2814, 2815. The evidence offered in the court below does not bring this case within the remedy of this statute.—*Allington v. Tucker*, 38 Ala. 655 ; *Shields v. Burns*, 31 Ala. 535 ; *Dothard v. Teague*, 40 Ala. 583. Nor do the facts proven in this case bring it within the relief of the sections 2825, 2826, and 2827 of the Revised Code, because the consideration of the note sued on was Confederate money. The judgment here was rendered after the first day of January, 1867, and the contract has been made since the first day of May, 1865. These sections of the Revised Code confine the allowance of rehearings for the causes therein named, to the dates and contracts above stated.—Rev. Code, §§ 2825, 2826, 2827. From this statement, it is quite clear that the court below erred in its order granting a rehearing and new trial in this case. But it does not appear that any right of appeal is allowed from such an order. Although the order is final on the application and petition for a rehearing, yet it is interlocutory in the main suit. It is an order in the cause, but not a final judgment in the cause. The main cause is still *in fieri*. It is only from a final judgment or decree that an appeal is allowed.—Rev. Code, §. 3485. But it has been the practice of this court to entertain appeals in such cases, since the adoption of the Code ; and it will not now be departed from.—*Dothard v. Teague*, 40 Ala. 583. Besides, there is no motion made to dismiss the appeal.

There is a paper attached to the transcript which seems to be the return to a *mandamus* issued from this court in this case by the Hon. J. McCaleb Wiley, judge of the eighth judicial circuit of this State, which shows cause by the learned judge why he failed to obey said writ. But as the paper referred to does not seem to have any legitimate connection with this case, and as no notice is taken of it by the

34

learned counsel of either party in this cause, it will not be further noticed in this opinion. Such a paper will not be noticed here, unless it is in some proper manner brought to the attention of the court.

Let the judgment and order of the court be reversed, and the cause remanded.