## Ex parte North.

*Application for Mandamus to Circuit Court, on Order granting Rehearing, and allowing Amendment of Petition.*

1. *Amendment of petition for rehearing.* — After the reversal of a judgment of the Circuit Court, improperly sustaining a demurrer to a petition for rehearing under the statute (Rev. Code, §§ 2814-15), that court may allow an amendment of the petition.

2. *Rehearing after final judgment at law; what must be shown.* — A party against whom a final judgment at law has been rendered, and who seeks a rehearing under the statute, on the ground of "surprise, accident, mistake, or fraud" (Rev. Code, §§ 2814-15), must show that he had a meritorious defence to the action, and that, in failing to make his defence in proper time, he was not guilty of any legal negligence.

3. *When appeal, or mandamus, lies.* — Hereafter, an appeal will be sustained from an order or final judgment refusing an application for a statutory rehearing; and when the application has been improperly granted, a *mandamus* will be allowed.

APPLICATION for a *mandamus* to the Circuit Court of Marengo (Hon. L. R. SMITH presiding), to compel that court " to set aside and vacate the order made on the 3d day of the special Fall Term in December, 1872, allowing the petition of R. A. Morgan, for a rehearing and *supersedeas*, to be amended as asked for ; and also the order overruling the motion of this petitioner, Mrs. Anna North, to dismiss said Morgan's motion to amend; and also the order granting a rehearing in the said suit, wherein the said Anna North was plaintiff, and the said R. A. Morgan was defendant." All the facts of the case, as shown by the transcript which was made an exhibit to the petition, are stated in the opinion of the court.

DUGGER & RICE, for the petitioner.

PETERS, C. J.—The grounds of this application seem to be such as to divide the remedy into two branches : first, as to the order allowing the amendment of the petition for rehearing, after appeal and reversal in the suit on the petition ; and, second, as to the order granting the rehearing.

The facts shown by the record, which are uncontradicted, are these : Morgan filed his petition for a rehearing under the law of the Code, within the time allowed by that statute. Rev. Code, §§ 2814, 2815. This was properly served on Mrs. North,

and she appeared in the court below, and answered the petition by demurrer. Her demurrer was sustained, and the prayer of the petition was denied. From this judgment on the demurrer, Morgan appealed to this court. Here, the judgment on demurrer was reversed, and the cause was remanded for further proceedings in the court below in the petition suit, in that court. After the cause was sent back to the Circuit Court, Morgan moved in that court for leave to amend his petition. This leave to amend was granted, and Mrs. North excepted. The Circuit Court then proceeded to hear the application on the amended petition, and granted an order allowing a rehearing and new trial in the original cause, as asked in the amended petition. Mrs. North again excepted. These are the orders now sought to be set aside.

1. There was no error in allowing the amendment after the reversal. The courts are not forbidden to allow amendments after reversal, when the cause is remanded for a new trial. As long as the cause is in " progress " in the court below, it is the duty of that court to allow every amendment necessary to put the cause properly before it, when this can be done, " without costs, and without delay, unless injustice will be done to the opposite party." Rev. Code, §§ 265, 2809 ; 1 Brickell's Dig. p. 75, § 77 et seq. This power to amend is to be liberally indulged. Robinson v. Darden, at the present term. There was, then, no error in allowing the amendment complained of. The State v. Gardner, 45 Ala. 46 ; Dothard v. Teague, 40 Ala. 583.

2. The other question, as to granting the rehearing on the facts alleged in the petition and established by the proofs, is not so easily determined. The record shows that the judgment sought to be set aside on the petition for rehearing was rendered in an action of detinue for a horse. This action was commenced on the 24th day of February, 1868, and the judgment was rendered on the second day of the first week of the Circuit Court of Marengo County, begun and held on the third Monday after the fourth Monday of March, 1870 ; and there were no pleas filed by the defendant. This judgment was a judgment by nil dicit, with writ of inquiry, which was executed on the fourth day of the same term of said court. During all this time, it appears that the attorney of the defendant Morgan was an attendant at said court, and possibly actually present in court at the time the judgment was rendered. The record, then, shows no plea in defence ; but the petitioner says, in his petition, he believed that " he could have shown to the court and jury testimony that would show that said horse was the property of said petitioner at the time of the commencement of said suit, if he had not been prevented by the facts

[Ex parte North.]

set forth in the annexed affidavit of H. A. Woolf from making said defence, and that he would have been ready for trial whenever the case would have been regularly reached on the docket." The material facts in the affidavit of Woolf, except those hereafter noticed, are set out above.

An action of detinue stands for trial at the term of the court to which it is brought, if the summons is executed twenty days previous to the return term thereof. Rev. Code, § 2660. When the term of the court is more than one week, as was the case here, the defendant *must*, within the first three days of the appearance term, plead or demur to the complaint. Rev. Code, § 2662. No rule of the court can dispense with this law. It is peremptory, and the court is bound to obey it, unless the time of pleading is enlarged by order of the court, or by agreement in writing, signed by the parties to be bound thereby. Rev. Code, 2662.; Ib. p. 821, Rule 14. These are the rules which have the authority of law, and which the courts are bound to notice. When these are complied with, the party complaining has come up to the requisition of diligence imposed by law. Short of this, there is " inattention," if not negligence, of which the opposing litigant may avail himself if he chooses. The parties to a suit usually conduct their causes in court by their attorneys. When it is not shown to be otherwise, the attorney, in this respect, is the party who is responsible for the conduct of the suit. The client can at any time discharge him. But, until this is done, he represents his client, both in his vigilance and in his negligence. 1 Brickell's Dig. p. 193, § 55 *et seq.*, and cases cited. Judgments in court are publicly rendered at the times appointed by law ; and the minutes of such judgments are required to be " read each *morning* in open court, and on the adjournment of the court must be signed by the judge." Rev. Code, § 641 ; Const. Ala. 1867, Art. I. § 15 ; Rev. Code, § 750, *and amendments thereto.* That " inattention " which would permit a judgment of *nil dicit* to be taken and read in court on two different days, and a writ of inquiry of damages to be executed by a jury, and the verdict to be returned into court, and judgment entered upon it, and this judgment read in court without notice, is too great to pass with approval. It is not " without fault." All the surprise, accident, mistake, or fraud, complained of by the petitioner, arose from this " inattention," which is admitted. In the case of *Shields* v. *Burns* (31 Ala. 535), this court say : " If he (the petitioner) lost the opportunity of making his defence by the neglect, *inattention*, or mistaken counsel of his own attorney, without any fraud or unfairness of the adverse party, it is, in law, as between him and the adverse party, the same thing as if he had lost it by

his own neglect, *inattention*, or fault." Here, there is admitted "inattention" of the counsel. This inattention must be visited on the petitioner, who was his client. There is not the slightest proof of fraud, outside of the effect of this inattention; and for this, the plaintiff in the judgment ought not to be held responsible. The case made in the petition, and sustained by the proofs, is not brought within the relief allowed by the statute.

The pretence that the cause, in which the judgment was rendered, was continued by a general order or consent of the court before the judgment was rendered, is not supported by the record or the proofs. The record shows that the judgment was rendered on the *second* day of the first week of the term. This must have been on *Tuesday*. The affidavit annexed to the petition, and which is therein referred to, shows "that on *Friday* of the first week of said court, it was agreed by the attorneys at said court, and so announced by the court, that all litigated civil causes on the docket, requiring a jury for the trial thereof, were continued until the next term of the court." This agreement could not have comprehended cases in which judgments had already been taken on Tuesday previous. This allegation and proof does not help the petitioner's case. Besides, the petitioner was in attendance at court, by himself or by his attorney; and had he taken the usual pains to have examined the docket, or to have listened to the reading of the minutes, he would have been informed of the condition of his case. It was his fault, or his attorney's fault, to have failed to do so, and this fault cannot be visited on Mrs. North.

Besides the allegation (which should be sustained by sufficient evidence) that the party complaining "has been prevented from making his defence by surprise, accident, mistake, or fraud, without fault on his part," he must also show in his petition what this defence is. Here, this does not seem to have been done with any very great degree of clearness. It is thus stated: "Your petitioner further shows that he *believes* he had a meritorious defence to said action, and that he could have shown to the court and jury testimony that would show that said horse was the property of this petitioner at the time of the commencement of said suit, if he had not been prevented by the facts set forth in the annexed affidavit of H. A. Woolf from making said defence." The affidavit thus alluded to does not show, so far as I can find, any defence at all to the suit in detinue. A party's *belief* that he has title to a piece of property, or his *belief* that he could show testimony that would make this appear to the court and jury, is not the allegation of a defence, but merely the allegation of a *belief* of its existence. This *belief* is not a traversable fact; and its introduction into

[Riddle *v.* State.]

the petition, or its omission from it, could not help or mar his case. It leaves the case as it stood without it. Then, the case, as made out by the pleadings and proofs, does not show that the petitioner was "prevented from making his defence by surprise, accident, mistake, or fraud, without fault on his part." This is necessary to justify the court in setting aside the plaintiff's judgment, and granting a rehearing. *White* v. *Ryan & Martin*, 31 Ala. 400; *Pratt* v. *Keils*, 28 Ala. 390; *Shields* v. *Burns*, 31 Ala. 535; *Lawson* v. *Morse*, 45 Ala. 519. The rehearing, on the evidence shown in the record, ought not to have been granted.

3. There has been some conflict of decision in this court, upon the practice necessary to bring a judgment on petition for rehearing into this court for review. To remove the uncertainty thus occasioned, in future, appeals will be allowed from judgments refusing the application for rehearing. *White* v. *Ryan & Martin*, 31 Ala. 400; and a *mandamus* will be allowed when the application has been granted improperly. *Fuller & Wife* v. *Boggs*, at the last term; *Carroll* v. *Vaughan*, at the last term; *Ex parte Carroll*, at the present term; *Callahan* v. *Lott, Adm'r*, 42 Ala. 167; *Lockhart* v. *Wyatt*, 42 Ala. 31; also *Ketchum & Wife* v. *Dennis & Wife*, 41 Ala. 183.

Let an order *nisi* be entered, in conformity with the prayer of the petitioner, requiring the order of the court below granting a new trial in the cause named in the petition of Mrs. North to be set aside, directed to the honorable judge of the seventh judicial circuit of this State, returnable to the next term of this court, to be heard on motion day of the sixth division. The question of costs is reserved until the return of said order *nisi*.