## *Ex parte* Carroll *et al.*

*Petition for Mandamus to Circuit Court, to vacate Order granting Rehearing after Final Judgment.*

*When rehearing, after final judgment, may be granted.* — A defendant, against whom a judgment by default has been regularly rendered, cannot obtain a rehearing under the statute (Rev. Code, § 2814), without showing that he has a meritorious defence to the action, and that he exercised reasonable and legal diligence to interpose his defence before judgment.

APPLICATION by Robert S. Carroll and others, for a *mandamus*, or other remedial writ, on the facts stated in the opinion of the court.

W. M. BROOKS, for the petitioners.

THOS. H. WATTS, *contra*.

BRICKELL, J. — This is an application for a *mandamus*, or other remedial writ, directed to the judge of the seventh judicial circuit, commanding him to show cause why he should not vacate an order made by him at the Fall term of said court, 1869, granting to one Lucy A. Vaughn a new trial, or rehearing, of a cause lately pending in that court against her as the executrix of A. S. Vaughn, deceased, in favor of these petitioners, and in which they had obtained a judgment against her at the preceding Spring term, 1869. A transcript of the record, showing the proceedings had in said cause, accompanies the petition, and is made a part of it.

The application for the new trial, or rehearing, was made under section 2814 of the Revised Code, and is radically defec-

[Bostick *v.* Scruggs' Executors.]

tive. It was obnoxious to the demurrer interposed to it, and the evidence offered in support of it was not only insufficient, but clearly showed that the petitioner was not entitled to relief. The original suit was commenced in January, 1867; and judgment was rendered, by default, at the Spring term, 1869. The only defence to the suit, alleged in the petition, is, that the estate of the petitioner's intestate was declared insolvent in March, 1867, by the court of probate of said county, and she made a final settlement of her administration in May, 1867, and ceased by resignation to be executrix. No plea of the insolvency of the estate was interposed; no counsel was employed; no appearance was entered; not a step was taken by the petitioner to prevent the rendition of judgment against her. Her authority as executrix terminated by her resignation; but that fact could not, of itself, constitute a defence to the suit commenced while her authority existed. *Driver* v. *Riddle*, 8 Porter, 343; *Thrash* v. *Sumwalt*, 5 Ala. 13. The power of a court to grant a rehearing, or new trial, after the close of the term at which a final judgment has been rendered, is purely statutory; and in invoking the exercise of this extraordinary power, a party must present a case within the letter and spirit of the statute. The statute does not offer a prémium to negligence. It exacts diligence from suitors. If it appears that the negligence of the party asking relief contributed to the rendition of the judgment, or if it does not appear that he exercised reasonable and legal diligence, however meritorious may be his defence, there was fault on his part, and he is not entitled to a rehearing. *White* v. *Ryan*, 31 Ala. 400; *Shields* v. *Burns*, 31 Ala. 535; *Elliott* v. *Cook*, 33 Ala. 490. On the petition found in this record, and on the evidence adduced, a rehearing ought not to have been granted.

The petitioners are entitled to a rule *nisi*, as prayed for, and it is accordingly granted, returnable to the first day of the next term of this court devoted to the sixth division.