[Ex parte Walker.]

# *Ex parte* Walker.

*Application for Mandamus to compel Circuit Judge to vacate Order granting Supersedeas, &c.*

1. *Rehearing of law; what not sufficient to authorize.*—To entitle a party to a rehearing under the statute (R. C. § 2814), it is not enough to show that he was prevented from making defense by fraud, accident or mistake; he must also show that this occurred without fault or neglect on his part.

2. *Same.*—If the defendant's attorney negligently fails to present his defense, or to introduce his witnesses, without any fraud or unfairness on the part of the opposite party, it is as between the defendant and the adverse party, the negligence and fault of the defendant.

3. *Mandamus; when lies.*—Where the judge, on preliminary application to him, improperly grants or refuses a *supersedeas*, *mandamus* lies to correct the error.

This was an application by Thomas A. Walker for *mandamus* to compel the judge of the 10th judicial circuit (Hon. John Henderson) to vacate and set aside a *supersedeas* ordered by him on the petition of William Curry, praying a *supersedeas* and for rehearing under the statute, in the case of *Thomas A. Walker v. William Curry* and *Walker Curry*, wherein said Walker had recovered judgment in the Circuit Court of Talladega against the defendants, for $841.00 and costs, upon a promissory note made by them and payable to one James A. Curry.

The petition for rehearing and *supersedeas* alleged, in substance, that William Curry, the petitioner, was merely a surety on the note for said Walker Curry, and that the latter paid the note to said James A. Curry, the payee, while the note was in his possession, by the sale of certain lands, out of the proceeds of which said J. A. Curry, who collected the purchase money, paid himself. When suit was brought, petitioner employed an attorney to defend the suit, informed him fully as to the facts, and also gave him the names of two other witnesses residing in the county, by whom the defense could be proved. Walker Curry was absent much of the time, and petitioner caused his attorney to take his deposition. Petitioner having made full preparations for the defense, gave himself no further uneasiness, and did not attend court. When the case was called for trial, the deposition of Walker Curry could not be found among the papers in court, and petitioner's attorney went to trial without it, and with-

out the witnesses whose testimony would have proved his defense, and thus judgment went against petitioner.

The deposition of Walker Curry proved the payment as hereinbefore stated, and it could also have been established by the testimony of the witnesses the attorney was directed to summon, who were named.

Petitioner's attorney, who is utterly insolvent, neglected to apply, in term time, for a new trial, and did not inform petitioner of the result of the suit, of which petitioner remained in ignorance, until execution issued on the judgment was levied on his property, after the adjournment of the court.

Notice of the petition having been served on Thomas A. Walker, he appeared before the judge at chambers, and presented a demurrer and answer.

The demurrer assailed the sufficiency of the petition on several grounds, not necessary to be noticed, and particularly because the petition showed that the petitioner was prevented from making defense by his own negligence and that of his attorney. The circuit judge, however, granted the order of *supersedeas;* signing, at the instance of said Thomas A. Walker, a bill of exceptions, reciting the proceedings herein set out.

JOHN T. HEFLIN, for *mandamus.*—The petition for *supersedeas,* &c., shows no misconduct on the part of Walker. It clearly shows that Curry's fault, or that of his own attorney, also prevented the making of defense. As between Walker and Curry, the fault of Curry's attorney was Curry's fault. *Shields v. Burns,* 31 Ala. 537; *Ex parte North,* 49 Ala. 387.

STONE, J.—In *Shields v. Burns,* 31 Ala. 537, a case like the present one, this court said, speaking of the facts of that case : "It is doubtful, to say the least of it, whether any court could say that the defendant was prevented from making his defense by surprise, accident, mistake or fraud. But, conceding that he was so prevented, still that, of itself, is not sufficient to entitle him to a rehearing. He must, in addition to that, show that the prevention was *without fault on his part.* If he lost the opportunity of making his defense by the neglect, inattention, or mistaken counsel of his own attorney, without any fraud or unfairness of the adverse party, it is, in law, as between him and the adverse party, the same thing as if he had lost it by his own neglect, inattention or fault."

In *Ex parte North,* 49 Ala. 387, the doctrine of the above case is quoted and reaffirmed. In fact, the whole current of our authorities is to the same effect.—*Pharr & Beck v. Rey-*

*nolds*, 3 Ala. 521; *Albertson v. Goldsby*, 28 Ala. 711; *Elliott v. Cook*, 33 Ala. 490; *White v. Martin*, 31 Ala. 400.

The case made by the present record falls very far short of coming up to the rule declared above. It puts the petitioner's counsel in fault, but then petitioner is held accountable for the fault, or inattention of his counsel. The petitioner even fails to show himself blameless. He should have attended the court, that he might be ready to make application for a continuance, or for a new trial, if necessary.

The circuit judge erred in granting the *supersedeas* in this cause. We approve and adopt the rule of practice for the correction of errors like this, as declared in *Ex parte North, supra*, so far as the same is raised by this record. So, we approve the rule declared in the same case, as applicable to cases of refusal of a rehearing, when ordered by the court *as a court*. Where the refusal is made by the judge on the preliminary application to him, no appeal will lie. Such action could only be reached by *mandamus*.

Let a rule issue to the Hon. John Henderson, judge of 10th judicial circuit, requiring him to show cause why a peremptory *mandamus* shall not issue, commanding him to vacate said order for a *supersedeas*, and to dismiss the petition and motion of William Curry for a new trial under section 2814 of the Revised Code, the return to which rule he is required to make to the next term of this court, unless, in the mean time, such order be made in the court below as will render a return unnecessary.

The costs of this proceeding are adjudged against the said William Curry.