# Trabue, Davis & Co. *v.* Shotts.

*Application for Rehearing after Final Judgment at Law.*

1. *When appeal lies.*—An order made by a circuit judge at chambers, dismissing an application for a rehearing after final judgment at law (Code, § 3161), is not a final judgment or decree which will support an appeal; and if it be within the terms of the statute granting an appeal from an order denying certain remedial writs (*Ib*. § 3923), the limitation of such appeal is sixty days.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. H. C. SPEAKE.

The appellants in this case brought an action against L. C. Shotts, but were defeated on the trial, judgment on verdict being rendered for the defendant. Within three months after the rendition of this judgment, they filed their petition, veri-

24

[Jones v. Motley.]

fied by affidavit, asking a rehearing of the case on the ground of surprise, accident, mistake, or fraud. On the hearing of the petition, in vacation, the circuit judge held it to be insufficient, and made an order dismissing it. The appeal was sued out from this order, and it was here assigned as error. The appellee submitted a motion to dismiss the appeal.

McClelland & NeSmith, for the motion.

McGuire, Collier & Sanford, *contra.*

STONE, C. J.—There was, in the ruling from which this appeal was prosecuted, no final judgment or decree of a court. The decision appealed from was that of a judge at chambers. The case does not fall within section 3916 of the Code of 1876.

Even if we concede that this case is covered by section 3923 of the Code, the appeal was not taken in time, and must be dismissed on that account. See *Ex parte North*, 49 Ala. 385; *Ex parte Walker*, 54 Ala. 577.

Appeal dismissed.