# Newton *v.* Alabama Midland Railway Co.

*Motion to set aside Judgment in Condemnation Proceeding.*

1. *When judgment not set aside for want of notice.*—A judgment in a condemnation proceeding in the Circuit Court, on appeal from the Probate Court, will not be set aside for an alleged want of notice to the respondent of the appeal from the Probate Court, when the record shows the respondent appeared in the Circuit Court by her attorney, and defended against the judgment of condemnation.

2. *Appearance shown by the record conclusive.*—When it is shown by the record that on an appeal to the Circuit Court the defendant appeared by her attorney and defended, such appearance can not be disputed on motion to set aside the judgment for want of notice of appeal; the record entry in such case being conclusive.

3. *Amendment of petition.*—On appeal to the Circuit Court from a judgment in the Probate Court in a condemnation proceeding, the petition can be amended so as to include more land than was included in the original petition; and both parties being before the court when such amendment was allowed, the judgment in such cause by the appellate court will not be set aside on account of such amendment.

[Newton v. Alabama Midland Railway Co.]

APPEAL from Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

The Alabama Midland Railway Co. instituted proceedings in the Probate Court of Montgomery County to condemn a certain strip of land, which was the property of Nancy E. H. Newton. From a judgment of the Probate Court dismissing the petition, the Railway Co. appealed to the Circuit Court, where judgment was rendered in favor of the petitioner. The facts are sufficiently stated in the opinion. The present appeal is prosecuted from a judgment of the Circuit Court, refusing a motion made by Mrs. Newton to set aside the judgment rendered in favor of the petitioner.

RICHARDSON & REESE, for appellant.—The petition should not have been amended in the Circuit Court.—*Pettus v. McClannahan*, 2 Ala. 55; *Buchanan v. Thomason*, 70 Ala. 401, 402; 3 Brick. Dig. 140, §§ 137, 140; Freeman on Judgment, § 98; *Ex parte Sandford*, 5 Ala. 562; Black on Judgment, § 278. The court erred in refusing to grant the motion of the appellant to vacate the judgment of the Circuit Court.— *Bachman v. Sepulveda*, 39 Cal. 688; *Putnam v. Lamphier*, 36 Cal. 158; *Frevert v. Henry*, 14 Nevada 191; *Parsley v. Nicholson*, 65 N. C. 207; *Marshman v. Conklin*, 21 N. J. Eq. 546.

A. A. WILEY, *contra*.—The record of the lower court was conclusive as to all the facts shown therein.—*Tankersley v. Pettis*, 71 Ala. 179; *Roberts v. Rice*, 71 Ala. 189; *Strange v. Moog*, 72 Ala. 460; Cases cited in 3 Brick. Dig. p. 580, § 75; *McDonald v. Mobile Life Ins. Co.*, 65 Ala. 358; Well's *Res Adjudicata*, § 217. The motion to set aside the judgment was properly refused. *Renfro Bros. v. Merryman & Co.*, 71 Ala. 195; *Ex parte O'Neal*, 72 Ala. 560; *Brock v. S. & N. R. R. Co.*, 65 Ala. 79; *Blood v. Beadle*, 65 Ala. 103.

HEAD, J.—The Alabama Midland Railway Company instituted proceedings in the Probate Court of Montgomery county to condemn a right of way over the lands of the appellant, under Art. 2, Chap. 15, Title 2, Part 3 of the Code. Such proceedings were had, in that court, that on the 27th day of April, 1891, the petition was dismissed. On Nov. 11th, 1891, the petitioner obtained an appeal to the Circuit Court of the county from the order of dismissal, and the cause was regularly certified to, and docketed in that court. The same counsel who had been employed by Mrs. Newton to represent her, and who did represent her in the Probate Court, appeared to represent, and did represent,

her cause, on appeal, in the Circuit Court. In that court, counsel of Mrs. Newton being present, the petition was amended so as to enlarge the right of way sought to be condemned from eighty feet to one hundred feet in width; and the cause then coming on for trial, on the 11th day of February, 1892, as the judgment entry recites, all the parties appeared by their attorneys, and a trial was had by jury who rendered a verdict in favor of the petitioner, and assessed the damages to be paid to Mrs. Newton at $700; and thereupon the court rendered judgment of condemnation in due form. At the next term of court thereafter, the appellant moved the Circuit Court to set aside the judgment on the ground that it was void, for the reasons: 1st. That no notice of the appeal was served upon her, or upon any one authorized to act for her, and that she never authorized or empowered any one to accept service or waive notice in that behalf for her. 2d. The petition as filed and tried in said Probate Court, and upon which judgment was rendered in her favor, asked for the condemnation of eighty feet of land in width running through her entire premises, and that after the cause was removed by appeal from the Probate Court the petition was amended by asking for the condemnation of a strip of land running through her premises one hundred feet wide, and thus changed to that extent the subject matter of the suit.

1. It is immaterial whether notice of the appeal was served on Mrs. Newton, or her counsel, or not, since the record shows she duly appeared in the cause, in the appellate court, by her attorneys. The purpose of notice to a party is to bring him into court. If he voluntarily appears notice is unnecessary. The fact of such appearance, when it is shown by the record, can not be disputed on motion to set aside the judgment. The record is conclusive in such a case.—*Pettus v. McClannahan*, 52 Ala. 55; 2 Brick. Dig. 140, §§ 137–140.

2. Under our liberal system of amendments the Circuit Court had authority to permit the amendment of the petition. It embraced the same land as that sought to be condemned by the original petition, and twenty feet, in width, in addition. The parties were before the court when the amendment was allowed and the cause was tried on it.—*Ex parte North*, 49 Ala. 385; *Dothard v. Teague*, 40 Ala. 583; 1 Brick. Dig., p. 75, §§ 77 *et seq.*

The judgment is not, for any reason, void on its face, and the court has no power to set it aside at a subsequent term.

Affirmed.