Pratt & McKenzie v. Keils & Sylvester.

## PRATT & McKENZIE *vs.* KEILS & SYLVESTER.

[PETITION FOR RE-HEARING, AFTER FINAL JUDGMENT, ON GROUND OF ACCIDENT OR MISTAKE.]

1. *Validity of defence to original action not necessary to be proved on trial of petition for re-hearing.*—A petition for a re-hearing (Code, §§ 2407–2417) after final judgment in an action at law, on the ground of " surprise, accident, mistake, or fraud," by which the defendant was deprived of the benefit of his defence to the original action, is a new action, on the trial of which it is only necessary for the defendant to prove the truth of the facts which constitute the alleged surprise, accident, mistake, or fraud : where the pleas filed to the original action are legally sufficient, he is not required to prove that they are true, or that the defence set up in them ought to prevail.

2. *Judgment on petition.*—If the trial of the petition results adversely to the petitioner, he cannot have a re-hearing of the · original cause ; but if the trial results in his favor, the proper judgment is, that the judgment rendered in the original action be vacated, that the execution issued under it be quashed, that a re-hearing be granted in the original action, that the petitioner be let in to make his defence in that action, and that he recover of the plaintiff in that judgment the costs which have accrued on the petition for re-hearing.

3. *Judgment corrected and affirmed at costs of appellant.*—Where the record shows that, after the expiration of the term at which final judgment was rendered, a petition for re-hearing under the statute was filed; that a motion was also made, at the ensuing term, to set aside and correct the entry of judgment ; that exceptions were reserved to the rulings of the court on the hearing of the motion ; and that the court rendered, as on the motion, such a judgment in substance as the petitioner was entitled to on his petition, from which judgment the opposite party appealed,—the judgment will be corrected, on error, at the costs of the appellant, and made to conform to the proper judgment on the petition.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JOHN GILL SHORTER.

The record in this case shows the following facts : Pratt & McKenzie commenced suit against Keils & Sylvester, on certain bills of exchange, in April, 1855. At the May term, 1855, to which the summons was returnable, the defendants, by attorney, filed six special pleas; and at the same term a judgment *nil dicit* was rendered for the plaintiffs. After the expiration of the term, and on the 31st May, the defendants filed a petition, which was sworn to and addressed to the

presiding judge of the circuit, and which alleged that they had a valid legal defence to the action,—that they employed counsel to represent them, who entered an appearance for them before the call of the docket; that the court, on the call of the docket, required them to state their defence, which they then did, and the case was thereupon passed; that their defence was regularly drawn out in pleas, which were filed with the clerk of the court before the case was again called, and by him endorsed "filed"; that the case was afterwards again called up, when the plaintiffs' attorneys objected to the pleas, and demanded judgment, which the court refused; that they are advised and believe that no other action was had or taken in said case by the court, but by mistake an entry of judgment was made on the judge's docket, and the clerk afterwards entered on the minutes of the court a judgment against the petitioners; that petitioners have a valid defence in said cause, and can establish it if the cause should be again tried; that neither they nor their attorneys knew, until several days after the adjournment of the court, that any judgment had been rendered in said cause; and that an execution has been issued on the said judgment. The prayer of the petition is, that the execution may be superseded and quashed, that the judgment entry may be set aside and corrected, and that a re-hearing of the original cause may be granted.

On the filing of this petition, a *supersedeas* of the execution was awarded. At the ensuing term, a motion was made, on notice to the plaintiffs in the judgment, " to correct the final entry of judgment at the last term, so as to make it speak the truth, in this : that no judgment was rendered, and the case should have been continued, instead of the entry made; also, to set aside the entry made, and to make the correct entry according to the facts; also, to set aside the entry of judgment, because it was not rendered by the court, but was made by mistake; also, to set aside the entry, because the court never rendered any judgment,"

The minute entry recites that "The said motion was accordingly granted, and upon the granting of said motion the following judgment was rendered : Came the parties, by their attorneys, and the plaintiffs in this motion move to correct the entry made against them at the last term, upon the

ALABAMA.

ground that no judgment was in fact rendered by the court, and that the entry was made by mistake, when the cause was continued, and should have been so entered; and the court being satisfied by sufficient proof, by affidavits, that no judgment was rendered in said case at said term, but that said case was continued by the court, it is therefore considered by the court, that the entry of judgment be set aside, and an entry made, as of that term, continuing said case, and that the execution which issued on said judgment be quashed, and that the plaintiffs in this motion recover the costs of the issuance and *supersedeas* of said execution."

On the trial of the motion, as the bill of exceptions states, the plaintiffs in the motion offered to read the deposition of Hon. Nat. Cook, the presiding judge at the last previous term of the court, who testified, that the counsel for the plaintiffs in the judgment, on the last call of the docket, insisted on a trial of the case, but he informed them that, in view of all the circumstances of the case, he would not force the defendants to a trial; that the case was not again called up; that he could not say what the court did in said case, but it was his intention to have continued it, and he supposed it had been continued. The defendants in the motion objected to each part of this deposition, " on the ground that it was not competent to impeach the judgments of the circuit court by parol"; but the court overruled their objection, and they excepted. It was further proved, in support of the motion, by one of the attorneys for the plaintiffs in said motion, that no judgment was rendered in said cause while he was present; that when he was about leaving the court, a short time before its final adjournment, he inquired of one of the opposing attorneys whether any further effort would be made to obtain a judgment at that term, and was informed by him, in reply, that no further effort would be made; and it was admitted that no further efforts were made by that attorney. An objection was made to the admission of each part of this evidence, " because it contradicted the record by parol"; but the objection was overruled, and an exception reserved. On behalf of the plaintiffs in the judgment, it was shown that there was an entry on the trial docket of the last term of said court, in the handwriting of the presiding judge, oppo-

site the case of Pratt & McKenzie v. Keils & Sylvester, in the words "Judgt. and enq.", the last two words being erased; that these words were written in the proper place for noting the fact of judgment, and that the entry was made in the same manner as in other cases where judgment was rendered by default; that the judgment was entered by the clerk on the minutes of the court in the usual form, and the minutes were signed by Judge Cook; and that the docket showed an appearance by counsel for the defendants. Upon this evidence, which was all the evidence offered on the trial, the court granted the motion, and the plaintiffs in the judgment excepted.

The errors assigned are, 1st, "the ruling and action of the court stated in the bill of exceptions"; 2d, "the judgment entry on the motion"; and, 3d, "the matters contained in the record."

E. C. BULLOCK, for the appellants, made these points :

1. The court had no power to set aside its judgment at a term subsequent to that at which it was rendered.—Holloway v. Washington, 3 Ala. 668; Mayor of Little Rock v. Bullock, 1 English, 282; Wood v. Luse & Niles, 4 McLean, 254; Taylor v. Starr, 2 Root, 298; Morgan v. Hays, Breese, 88; Sagory v. Bayless, 13 Sm. & Mar. 153; State v. Smith, 1 Nott & McCord, 16; State v. Fields, Peck, 140; Ashley v. Hyde & Goodrich, 1 English, 92; Commonwealth v. Cawood, 2 Virginia Cases, 527; Hailey v. Baird, 1 H. & M. 25; Byrd v. McDaniel, 26 Ala. 585.

2. The judgment setting aside the final judgment of the previous term, and continuing the cause as of that term, was a judgment *nunc pro tunc*, which can only be rendered on some matter of record or memorandum of the court. The action of the court, being predicated entirely on parol evidence, was clearly erroneous, the record being perfectly regular.—Draughan v. Tombeckbee Bank, 1 Stew. 66; Andrews v. Branch Bank at Mobile, 10 Ala. 375; Thompson v. Miller, 25 *ib.* 470; Dickens v. Bush, 23 *ib.* 849.

3. In answer to the position that this was not a motion, but a proceeding under section 2408 of the Code to obtain a re-hearing of the cause, it is to be observed, in the first place,

26

that the provisions of the Code, giving a summary remedy by petition to a party who was prevented by surprise, accident, mistake or fraud from making his defence, make no change in the rules of evidence by which that fact is to be established. A party, for instance, may show that, by fraud on the part of his adversary, or by the mistake or accidental illness of himself or his counsel, he was prevented from making a valid defence; but this must be shown by competent proof. It is not necessary, in giving effect to this provision of the Code, to overthrow the salutary and long-established rule of evidence, which forbids a record to be contradicted by parol.—3 Bla. Com. 22; 1 Coke's Inst. 260; 2 Ph. Ev. 2. It would be difficult to conceive a more flagrant or monstrous departure from a principle so venerable, than allowing a record, solemnly signed by the judge in open court, to be set aside on his mere statement, in his private capacity, that he did not know whether he gave judgment or not, but that his intention was to continue the case.

Again, the foundation of the statutory remedy is, that the party has been prevented from making his defence. If he had no valid defence, it matters not how much he may have been surprised, mistaken, or defrauded, since it is *damnum absque injuria*. If the petition failed to allege that the party had a valid defence, it would be fatally defective, and he could not obtain a *supersedeas*. The statute requires the court to try the facts alleged in the petition, or to re-hear the cause at the first term. The evidence, therefore, should have established at least two facts—to-wit, a valid defence and the cause which prevented the party from making it; for in no other way can there be a trial of the facts stated in the petition, or a re-hearing of the cause. The spirit and intention of the statute is to extend the period within which a new trial can be obtained, or to provide a substitute for a bill in chancery; and, viewed in either light, the party ought to show that he has a valid and meritorious defence.

The States of Texas, Vermont and New Hampshire have statutes similar to this provision of our law; and, while the courts of New Hampshire have decided that the validity of the defence is not inquired into on the hearing of the petition, the construction here contended for has been adopted in

Texas and Vermont.—Spencer v. Kinnard, 12 Texas, 186; Durkee v. Marshall, 14 Vermont, 559; Beckwith v. Middlesex, 20 *ib.* 594. In this case, the record sets out all the evidence, and shows that there was no proof of the validity of the defence.

L. L. CATO and P. T. SAYRE, *contra:*

The action of the court, under the facts shown in the record, may be sustained either as a motion to correct the judgment entry, or as an application for a re-hearing under the Code.

1. All courts possess the power to correct their own entries, upon sufficient proof, even after the expiration of the term, so as to make them speak the truth; or to set aside a final judgment rendered at a previous term, on affidavit that it was rendered by fraud or mistake.—Coffey v. Wilson & Gunter, 2 Ala. 703; Delancey v. Brownwell, 4 Johnson, 137-40; Bayly v. Boorne, Stra. 392; 1 Burr. 571; Wooster v. Woodhull, 1 Johns. Ch. 541; Dunham v. Roberts, at the present term. All these cases proceed on the idea that the mind of the court must enter into and give its sanction to the judgment.

2. Considered as an application for re-hearing, the petition was filed in time, and alleged all the necessary facts; while the judgment of the court, though not strictly formal, is, in substance and effect, a judgment for a re-hearing of the original cause, which will be here corrected and affirmed.—Stiles & Co. v. Lightfoot, 26 Ala. 443; Evans v. Gordon, 8 Porter, 146. The deposition, too, may be looked to, to connect the judgment with the petition, for the motion was not pending when the interrogatories were filed. The sound construction of the statute, providing for such applications for re-hearing, requires that the petition shall be first tried, and, if allowed, then the original cause shall be re-tried. Section 2412 provides for the trial of the facts alleged in the petition, or for a re-hearing of the cause. If the facts stated in the petition are tried, the court may (under section 2417) direct the issue to be made up, and refer it to a jury; while, if the original cause is tried, or re-heard, it must be tried by a jury, as a matter of course, like all other cases involving questions of

fact. Therefore, unless section 2412 provides for two different trials, either of which may be adopted, section 2417 is useless and unmeaning. The only way in which effect can be given to all the provisions. of the statute, is to require the application for re-hearing to be first tried, and, if the petition is granted, then the original cause to be re-heard.

RICE, C. J.—It may be conceded that, before the adoption of the Code, any court of record had the power, in certain cases, to *vacate* at a subsequent term a final judgment rendered by it at a previous term; and that this power has not been diminished by the Code.—*Ex parte* Sanford, 5 Ala. 562; *Ex parte* Weissinger, 7 *ib.* 710; Hood v. Br. Bk. Mobile, 9 *ib.* 335; *Ex parte* Crenshaw, 15 Peters' Rep. 119; Reid v. Kelly, 1 Dev. Rep. 313; Austin v. Rodman, 1 Hawks, 71; Tisdale v. Gandy, 1 Hawks, 282. But it is certain that, before the Code became operative, a circuit court had no power to grant *a new trial,* or *re-hearing,* after the term had closed at which final judgment had been rendered by it, unless, during that term, a motion for a new trial or re-hearing had been made and continued.—Walker v. Hale, 16 Ala. 26; Fitzpatrick v. Hill, 9 *ib.* 783; Van Dyke v. The State, 22 *ib.* 57. In this respect, the Code has enlarged the power of the circuit court, and has authorized it to grant re-hearings in certain cases, on applications made after the term has closed at which final judgment was rendered.—Code, §§ 2407–2417. One class of those cases is, where a party has been prevented from making his defence by surprise, accident, mistake, or fraud, without fault on his part, and within four months from the rendition of the judgment applies for a re-hearing, by petition to a judge of the circuit court, stating the matter complained of, with a prayer for the appropriate relief, and swears to the facts stated in the petition, or verifies them by a transcript of the record submitted with the petition.

In the case at bar, the application for re-hearing was made within the time, and substantially in the mode, prescribed by the Code. The judge to whom the petition was addressed,. made the necessary order for a *supersedeas,* to restrain the enforcement of the execution; and at the term of the circuit court next thereafter, on motion made and proof submitted,

the final judgment rendered against the petitioners at the previous term was set aside, and an entry made, as of that term, continuing said case; and the execution was quashed, and the plaintiffs in the judgment were taxed with the costs of the issuing and *supersedeas* of the execution. From this judgment they appeal to this court.

The petition must be regarded as a new action, the object of which was to obtain a re-hearing and trial on the merits, in the original action, and to vacate the judgment which had been rendered in it; because, until that judgment was vacated, it stood in the way of such re-hearing and trial on the merits. Shearer v. Boyd, 10 Ala. 279.

The petition was sworn to, and stated that the petitioners had a valid legal defence to the original action,—that they had employed counsel to represent them; that an appearance was entered for them in said action, by said counsel, before the calling of the docket of said circuit court; that their defence was regularly drawn out in pleas, which were filed, and endorsed by the clerk as filed; that after the filing of their pleas, the case was called, and the pleas submitted to the court, and objected to by the plaintiffs' attorneys, who thereupon demanded a judgment for the plaintiffs, which the court refused; that afterwards the judgment was entered by mistake, &c. The facts stated in the petition clearly show the mistake, and that the entry of the judgment was without any fault of the petitioners, and that it did and will deprive them of making their defence, if it is not vacated. The evidence submitted on the trial of the motion made by the petitioners, proves all the matters and facts stated in the petition, except *the validity* of their defence. And the question thereupon arises, Was it essential, to entitle them to a re-hearing in the original action, that they should, on the application for it, prove that their pleas on file were *actually true*, and that they ought to *prevail* as a defence.

Our opinion is, that it was not the design of the legislature, in adopting the sections of the Code above referred to, to compel defendants, who had filed pleas legally sufficient, but who had been deprived of the opportunity of establishing their truth in the original action, by mistake, without fault on their part, to prove the truth of those pleas in two distinct

suits with the same plaintiffs. It could not have been designed to require defendants, in such cases as the present, (where they were deprived of all opportunity to make their defence,) to prove the truth of their pleas, in order to obtain a re-hearing in the original suit, and then, after obtaining a re-hearing, to prove again the truth of the same pleas on the trial of the original suit. In such cases, the truth of the pleas filed to the original action is not a matter to be tried under the petition for re-hearing; but the trial under the petition must be confined to " the matter complained of" by the petitioners—that is, to the facts alleged in the petition, which, in legal contemplation, constitute the " surprise, mistake, accident, or fraud," which, without fault on the part of the petitioners, prevented them from making their defence. The petition is not the re-hearing, but the mere application for it. Whenever it appears from the petition and proof, that pleas, legally sufficient, have been filed to the original action; that facts exist which, in legal contemplation, constitute " surprise, accident, mistake, or fraud;" and that by such surprise, accident, mistake or fraud the petitioners were prevented from making their defence, or deprived of the opportunity of proving the truth of their pleas, without fault on their part, the petitioners are entitled to a re-hearing of the original action, and to be let in to make their defence or prove the truth of their pleas.—N. E. Mutual Ins. Co. v. Lisbon Man. Co., 2 Foster's Rep. 170; Edmonson v. Popkin, 1 Bos. & Pul. 270; Hindle v. O'Brien, 1 Taunton, 413.

The plaintiffs in the judgment can always dispense with a trial of the facts alleged in the petition, by consenting that there may be a re-hearing and trial of the original cause at the first term after the granting of the order for a *supersedeas.* If, however, they insist on trying the facts alleged in the petition, they cannot, *in such a case as the present,* require of the petitioners, on the trial under the petition, to prove either that the pleas filed in the original action are true in fact, or that the defence set forth in those pleas *ought to prevail.*

Where a trial of the facts stated in the petition is had, and finally results adversely to the petitioners, they cannot have a re-hearing of the original cause. But, where such trial results in favor of the petitioners, the proper judgment is, that

the judgment rendered in the original action be vacated; that the execution issued under it be quashed; that a re-hearing be granted in the original action; that the petitioners be let in to make their defence in that action; and that they recover of the plaintiffs in that judgment the costs which have accrued under the petition for the re-hearing. To such a judgment, the petitioners in the present case are entitled under their petition and proof. They have obtained it in substance, but not in form. It must here be corrected, and made to conform to what we have indicated it should have been; and being thus corrected, it must be affirmed, at the costs of the appellants.

The motion made by the petitioners, at the term next after they obtained the order for a *supersedeas*, to correct the judgment entry, or to set it aside, was unnecessary. The petition itself was a sufficient motion to set aside or vacate the judgment, and for a re-hearing. It seems so to have been understood by both parties, for the depositions taken under the petition, before the motion was made in court, were used without any objection founded on the fact that they were taken before the motion was made. It is clear from the record, that no injury resulted to the appellants from the making of that motion, and that the action of the court may be referred to and sustained under the petition; and, therefore, it is right to correct and affirm the judgment,—distinctly making it a judgment founded on the petition.