## GARRETT & BIBB *vs.* TERRY.

[APPLICATION FOR REHEARING AFTER FINAL JUDGMENT AT LAW.]

1. *Security for costs.*—An application for a rehearing after final judgment at law, (Code, § 2408,) by a non-resident defendant, is within the statute (Code, § 2396) requiring security for costs in "actions commenced by or for the use of a non-resident;" and the giving of a *supersedeas* bond does not dispense with the necessity for such security.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. ROBERT DOUGHERTY.

THIS was an application for a rehearing, after final judgment at law, under section 2408 of the Code. The application was made by the defendants in the action, who also executed a statutory bond to supersede an execution which had been issued on the judgment. The court dismissed the application, because it appeared that the petitioners, who were shown to be non-residents, had not given security for the costs of the proceeding; to which ruling of the court the petitioners excepted, and which they now assign as error.

W. B. WOOD, for the appellants.

R. W. WALKER, and E. A. O'NEAL, *contra*.

STONE, J.—If this proceeding be an *action*, within the meaning of section 2396 of the Code, our previous decisions require us to hold, that the bond given on suing out the *supersedeas* is not a security for *the costs.—Ex parte* Robbins, 29 Ala. 71; Shepherd v. Spriggs, 29 Ala. 673.

In Pratt & McKenzie v. Keils & Sylvester, 28 Ala. 390–97, we held, that the petition, in cases like the present, must be regarded as a new action. The "filing of the petition" was the commencement of the action; and the failure of the petitioners to give security for the costs, justified the court in dismissing the suit.

Judgment of the circuit court affirmed.