CARROLL ET AL., ADM'RS, *vs.* VAUGHAN, EX'R.

[APPEAL FROM JUDGMENT SETTING ASIDE JUDGMENT, ON MOTION FOR SUPERSE-
DEAS AND GRANTING NEW TRIAL.]

1. *Appeal; what judgment will not support.*—A judgment of the circuit court granting a new trial under section 2814 of the Revised Code, is not such a final judgment as will support an appeal.—42 Ala. 31, 167.

APPEAL from the Circuit Court of Marengo.
Tried before Hon. LUTHER R. SMITH.

WM. M. BROOKS, for appellant.
WATTS & TROY, *contra.*

PETERS, J.—This is a proceeding to set aside a judgment and grant a rehearing under the statute.—Rev. Code, § 2814. The prayer of the petition was granted in the court below, and a rehearing was allowed. The respondents in the proceeding for rehearing, and the plaintiffs in the judgment, appeal to this court. They assign for error the overruling of their demurrer to the petition, and the judgment of the court setting aside the judgment and granting a new trial.

The Code declares, that "where a party has been prevented making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for a rehearing, at any time within four months from the rendition of the judgment."—Rev. Code, § 2814. In treating of this statute, this court has declared, that "the petition must be regarded as a new action, the object of

which was to obtain a rehearing and trial on the merits in the original action, and to vacate the judgment which had been rendered in it."—*Pratt & McKenzie v. Keils & Sylvester*, 28 Ala. 390, 397; *Garrett & Bibb v. Terry*, 33 Ala. 514, 515. But the judgment granting the rehearing is not final. It does not put an end to the suit. It is interlocutory. From such a judgment there is no appeal.—*Callahan v. Lott, Adm'r*, 42 Ala. 167; *Lockhart v. Wyatt*, 42 Ala. 31; *Fuller and Wife v. Boggs*, January term, 1872. On the authority of these cases the appeal must be dismissed, at appellants' cost.—See, also, 28 Ala. 390, 399.

The appeal is therefore dismissed, at appellants' costs.