(77 South. 674)

McDANIEL v. YOUNGBLOOD. (3 Div. 318.)

(Supreme Court of Alabama. Jan. 24, 1918.)

1. INFANTS ☞18—CUSTODY AND PROTECTION—JURISDICTION OF COURTS.

Independent of statute, the chancery court has jurisdiction of proceedings involving a contest between rival claimants for the custody of a child; it being immaterial whether the case is brought to the attention of the court by bill, petition, or habeas corpus.

2. INFANTS ☞19—CUSTODY AND PROTECTION—CONTROLLING CONSIDERATIONS.

In proceedings in the chancery court involving a contest between rival claimants for the custody of a child, the well-being of the infant is the paramount consideration.

3. INFANTS ☞19—CUSTODY AND PROTECTION—DECREE.

In a contest in the chancery court between rival claimants for the custody of a child, the decree properly committed the minor to the custody and control of one of the parties "until the further order of the court," thereby keeping the matter open for future direction or modification from time to time, as the court might deem to be to the best interest of such infant.

4. INFANTS ☞18—CUSTODY AND PROTECTION—JURISDICTION OF COURTS.

The juvenile court act (Gen. Acts 1915, p. 577) has no application to a contest between rival claimants to the custody of a child, and does not deprive courts of equity of jurisdiction of such contests.

5. COURTS ☞52—ABOLITION—TRANSFER OF JURISDICTION.

Where a city court sitting in equity awarded the custody of a child to one of two rival claimants "until the further order of the court," the case was still pending; and when the court subsequently ceased to exist, it was transferred as a pending cause by operation of law to the circuit court.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Petition in equity by Susie H. Youngblood, formerly Susie H. Howard, to set aside and hold for naught the decree of August 11, 1916, giving the custody and control of petitioner's minor daughter to Mary L. McDaniel. From a decree setting aside and declaring null and void the former decree, Mary McDaniel appeals. Reversed and remanded.

H. B. Fuller and Ball & Beckwith, all of Montgomery, for appellant. A. A. Evans and Hill, Hill, Whiting & Stern, all of Montgomery, for appellee.

THOMAS, J. This is a contest between rival claimants for the custody of a child. The jurisdiction of a court of equity had

been invoked by a petitioning relative of such infant, and the custody of the child committed to petitioner. The pertinent part of the decree was:

"It is ordered, adjudged, and decreed by the court that said petition be and the same is hereby granted, and the said minor child, Susie Howard, is hereby placed in the custody and control of the petitioner, Mary L. McDaniel, until the further order of this court."

[1-3] It was recently held that matters affecting the welfare of an infant may become the subject of chancery jurisdiction; it is immaterial whether it is brought to the attention of the court by bill, petition, or habeas corpus. Murphree v. Hanson, 72 South. 437.[1] This has long been the declared rule in this jurisdiction. Woodruff v. Conley, 50 Ala. 304; Hansford v. Hansford, 10 Ala. 561. The chancery court had this jurisdiction independent of statute. Hansford v. Hansford, supra; Decker v. Decker, 176 Ala. 299, 58 South. 195; 3 Pom. Eq. Jur. §§ 1304, 1305; De Mansville v. De Mansville, 10 Vesey, 63; Willesby v. Duke of Beaufort, 2 Russ. 20. In such proceedings the paramount consideration is the well-being of the infant. Pearce v. Pearce, 136 Ala. 188, 33 South. 883; Hayes v. Hayes, 192 Ala. 280, 68 South. 351; McGough v. McGough, 136 Ala. 170, 33 South. 860. To that end such decrees are kept open to subsequent terms for future direction, or modification, as from time to time the court may deem to be to the best interest of such infant or ward. Hayes v. Hayes, supra; Decker v. Decker, supra; Pearce v. Pearce, supra; McGough v. McGough, supra. This right was properly provided for in the aforesaid decree committing the minor, Susie Howard, to the custody and control of Mary L. McDaniel "until the further order of the court."

[4] The subsequent petition by the mother invoked the further exercise of that jurisdiction over the custody of the child, to the child's best interest. The judge was in error in declining to pass on the merits of the petition, on the ground that the juvenile court act (Gen. Acts 1915, p. 577) had taken away from the city court of Montgomery (in equity) the original jurisdiction in said cause. In this there was error. The juvenile court act has no application to such contest between the rival claimants to the custody of said child.

[5] The previous commitment of the child to her aunt, in the nature of the case, made it a pending cause on the equity docket of the city court, when that court and the chancery court ceased to exist under the recent statute. By operation of law, all pending cases were transferred to the respective divisions of the circuit court. Ex parte City Bank & Trust Co., 76 South. 372.[2] As such pending cause, that of the present custody of the child will be tried by the circuit court, and its custody directed as it is deemed best for her interest.

The decree of the circuit court in equity is reversed, and the cause is remanded for further proceedings therein.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.