(85 South. 494)

## Ex parte SHUPTRINE. (6 Div. 18.)

(Supreme Court of Alabama. Feb. 14, 1920.)

1. **Infants** ⟲=19—Stipulation as to custody not binding on court.

Where judge in proceeding involving custody of minor child rendered a decree settling and determining custody for the time being, but expressly holding the cause on the docket for further orders, a subsequent agreement entered into by the parties as to the custody of the child, regardless of any binding effect it may have had on them in other respects, was in no sense binding on the court as to its custody and control of the child, which was its ward to all intents and purposes during minority, and the court could not be compelled to carry it out; the agreement not having been sanctioned, affirmed, or adopted by the court.

2. **Infants** ⟲=19—Decree as to custody may be modified or amended by court.

Where court exercises its equity or chancery jurisdiction as to the custody of a child, and the matter is kept in fieri by the decree, it has the power to change, modify, or amend such decree so as to keep its custody and control and to change any former decrees in reference thereto, bearing in mind its welfare and interest.

Petition by W. W. Shuptrine for mandamus to the Honorable Horace C. Wilkinson, as Judge of the Tenth Judicial Circuit, to require him to dismiss a pending cause concerning the custody of a minor child. Writ denied.

Ritter & Wynn, of Birmingham, and J. H. Bankhead, Jr., of Jasper, for appellant.

For the definition of what constitutes proper jurisdiction, in a case like this, see 5 Broom, 418; 140 U. S. 268, 11 Sup. Ct. 773, 35 L. Ed. 464; 51 W. Va. 352, 41 S. E. 351; 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609; 105 Mo. 85, 16 S. W. 595, 24 Am. St. Rep. 366; 71 Ala. 371; 63 Ala. 206; 27 Tex. 491, 86 Am. Dec. 643; 44 Ohio St. 497, 9 N. E. 132; 109 Ind. 79, 10 N. E. 582, 643; 21 Nev. 22, 24 Pac. 373; 58 South. 195, 176 Ala. 299; 2 Ala. App. 461, 56 South. 589. The writ is used to determine the rights of conflicting claimants to the custody of the child. 26 N. D. 23, 142 N. W. 915, 49 L. R. A. (N. S.) 83; 16 Ala. App. 297, 77 South. 447; 14 Ala. App. 585, 70 South. 973; 123 Ala. 279, 26 South. 482, 45 L. R. A. 772; 34 Ala. 446; 133 Ala. 212, 32 South. 643; 99 Ala. 303, 13 South. 605; 132 Ala. 323, 31 South. 596; 173 Ala. 547, 55 South. 1009; 1 Corpus Juris, 215; 1 Cyc. 69. These last authorities support the view that the agreement was binding on the court.

Black & Harris, of Birmingham, for appellee.

No brief came to the reporter.

ANDERSON, C. J. [1] This petitioner seeks to have this court direct the respondent Wilkinson, as judge of the Tenth circuit, to dismiss a pending cause upon the theory that the parties thereto had entered into an agreement as to the custody of a minor child which was the subject-matter of said proceedings, and agreeing, among other things, that said cause be dismissed. As above stated, said proceeding involved the custody of a minor child, and one of the then judges of the Tenth circuit rendered a decree settling and determining for the time being the custody of said child, but expressly held said cause upon the docket for any further orders therein. The subsequent agreement entered into by the parties, regardless of any binding effect it may have had upon them in other respects, was in no sense binding upon the court as to the custody or control of the child which was its ward to all intent and purpose during minority, and, this being the case, it would be anomalous to compel said court to enforce the terms of an agreement in respect to the custody and control of its ward which does not appear to have been sanctioned, affirmed, or adopted by said court, even if such affirmance could bind the court as to the future control of the child, and which we do not hold to be the result.

[2] The judge of the Tenth circuit, under the law then existing, as is now the case, had jurisdiction in equity as well as at law, and its decree in the cause in question indicates the exercise of its equity or chancery jurisdiction as to the child, and, the matter being kept in fieri by the decree, it has the power to change, modify, or amend its former decree so as to keep the custody and control of the minor child and to change any former decrees in reference thereto, bearing in mind its welfare and interest. McDaniel v. Youngblood, 201 Ala. 260, 77 South. 674, and cases there cited. The petition for mandamus must be denied.

Writ denied.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.