(85 South. 495)

**Ex parte BLACKBURN et al.    (6 Div. 24.)**

(Supreme Court of Alabama.    Feb. 14, 1920.)

Costs ⊙⇒107—Security held not required of nonresident on habeas corpus involving custody of child; "commencement of suit."

Filing of a petition for habeas corpus seeking the custody of a minor child, which merely sought further action by the court in a pending cause in which the petitioner was a party and related to the custody of the child, which was a ward of the court, court never having lost jurisdiction, was not "the commencement of a suit" within the influence of Code 1907, § 3687, providing that nonresidents must give security for costs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Commencement of Action.]

Anderson, C. J., and McClellan, J., dissenting.

Petition by John W. Blackburn and others for mandamus to the Honorable Horace Wilkinson, as Judge of the Tenth Judicial Circuit, to require him to compel Mrs. Moore, a nonresident, to give security for cost before proceeding with habeas corpus to obtain custody of a minor child.    Writ denied.

John H. Bankhead, Jr., of Jasper, for appellant.

The provision of section 3687, Code 1907, applies to suits of this character, and security for cost should be required.    174 Ala. 243, 57 South. 16; 20 Ala. 347; 11 Ala. 435; 128 Ala. 175, 30 South. 792; 14 Pet. 540, 614, 10 L. Ed. 579; 141 Ala. 516, 37 South. 691.

Black & Harris, of Birmingham, for appellee.

The word "suit" is not broad enough to include habeas corpus.    27 Tex. 105; 115 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458.    The jurisdiction is continuing with a case of this character.    201 Ala. 261, 77 South. 675; 197 Ala. 246, 72 South. 439; 192 Ala. 280, 68 South. 351; 31 Ala. 479.

ANDERSON, C. J.    This petitioner seeks to mandamus Judge Wilkinson as judge of the Tenth judicial circuit, and thereby direct him to require Mrs. Monnie Moore, a nonresident of this state, to give security for cost, as provided by section 3687 of the Code of 1907, before proceeding to hear and determine a petition heretofore filed by the said Mrs. Moore in the circuit court of Jefferson county, seeking the custody of her minor child, and to, in effect, modify, change, or alter a decree previously rendered providing for the custody of said child.    Said section 3687 reads as follows:

"All suits at law or in equity, commenced by or for the use of a nonresident of this state, must be dismissed on motion, if security for the costs, approved by the clerk or register, be not given by such nonresident when the suit is commenced, or within such time thereafter as the court may direct."

This petitioner contends that the filing of the said petition was the commencement of a suit within the influence of said above-quoted section, while the respondent contends that said petition was not the commencement of a suit, but merely sought further action by the court in a pending cause to which Mrs. Moore was a party respondent, and related to the custody of a child which was the ward of said court; that the jurisdiction of the court had previously been invoked in the matter, and the said court has never lost the jurisdiction or control of the child which was the subject-matter of the controversy. The foregoing statute has heretofore received an elastic construction by this court so as to make the giving of security for costs necessary in practically all proceedings or actions which seek affirmative relief, by invoking the action of the court, and has been applied in several instances to petitions in pending cases. Pratt v. Keils, 28 Ala. 390; Shearer v. Boyd, 10 Ala. 279; Garrett v. Terry, 33 Ala. 514; Ex parte Robbins, 29 Ala. 71. Notwithstanding we held in the case of Ex parte Shuptrine, 85 South. 494,[1] and submitted as a companion case with this one, that the child in question was still a ward of the court, and that the court had, by its order, retained jurisdiction thereof, the petition by Mrs. Moore seeks independent and affirmative relief by changing or rescinding the former decree of the court and giving her the custody of the child. As was said by this court in the case of Pratt v. Keils, supra, speaking through Rice, C. J., in regard to a petition in a pending cause:

"The petition must be regarded as a new action, the object of which was to obtain a rehearing and trial on the merits, in the original action, and to vacate the judgment which had been rendered in it; because until that judgment was vacated, it stood in the way of such rehearing and trial on the merits."

We also cite Stewart v. Paul, 141 Ala. 516, 37 South. 691. While this case is not in point, it has some bearing by way of analogy upon the question under consideration.

A majority of the court, however, composed of SAYRE, SOMERVILLE, GARDNER, THOMAS, and BROWN, JJ., are of the opinion that the petition in question merely seeks further or additional orders in the pending case and does not fall within the influence of the statute requiring security for costs.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 111.

ANDERSON, C. J., and McCLELLAN, J., dissent.

The petition for mandamus is, accordingly, denied.