(87 South. 348)

### In re 500 SACKS OF FEED AND 165 SACKS OF FEED.

### MILAM–MORGAN CO. v. STATE.

#### (3 Div. 477.)

(Supreme Court of Alabama. Feb. 10, 1921.)

1. Equity ⇐356—Decree reversed when record shows no note of testimony.

Under Acts 1919, p. 1071, § 11, requiring proceedings to condemn stock food to be tried as a case in equity, the decree will be reversed when the record discloses no note of the testimony as required by chancery rule 75.

2. Courts ⇐40—Statement of trial judge after loss of control over case not considered.

Where there was no note of the testimony as required by chancery rule 75, a written statement of the trial judge, four months after the decree and three months after his loss of control over the case, could not be looked to, even assuming that it would change the result if considered.

3. Appeal and error ⇐77(1)—Decree in proceeding to condemn stock food is appealable.

Acts 1919, p. 1071, gives jurisdiction of proceedings to condemn stock food to the circuit court in equity in a general way, and not to the judge to be exercised in a summary manner different from the ordinary exercise of the general powers of the chancery court, and the decree of condemnation is final and appealable under Code 1907, § 2837, authorizing appeals from any final judgment or decree of the chancery courts.

Appeal from Circuit Court, Montgomery County; William L. Martin, Judge.

Proceedings by the State of Alabama for the condemnation of five hundred sacks of feed and one hundred and sixty-five sacks of feed with the Milam-Morgan Company as claimant. From the judgment of condemnation, claimant appeals. Reversed and remanded.

Action was begun by affidavit made by an authorized representative of the Commission of Agriculture and Industries, and on this affidavit writ of seizure was issued and the foodstuff seized. The Milam-Morgan Company propounded its claim. This is all the pleading that appears in the case. The court statement is as follows:

The foregoing witnesses were examined orally before the court on the 14th day of June, 1920, and the above was all the testimony. It was agreed by both the state and the plaintiff that the condemnation proceedings in the two cases should be tried jointly, and that the services of a reporter should be dispensed with. These causes were regarded as properly on the law side of the circuit court, and the testimony was taken and the cause submitted under that aspect. After the trial and submission for judgment, and after court had rendered judgment for the state, the question of jurisdiction was raised, and by agreement of parties and the consent of the court the entire matter was transferred to the equity side and the pleadings and decree filed therein on July 8, 1920.

No note of testimony or of pleading appears.

J. S. Edson and Weil, Stakely & Vardaman, all of Montgomery, for appellant.

The jurisdiction of cases of this character lies on the equity side of the circuit court. Acts 1919, p. 1071. This being true, the rec-

ord must contain a note of testimony. Chan. Rule 75. Failing in this, it will be reversed. 85 South. 411; 203 Ala. 300, 82 South. 550. Counsel discuss other matters assigned as error, but in view of the opinion it is not deemed necessary to here set them out.

J. Q. Smith, Atty. Gen., for the State.

This case was brought under Acts 1919, p. 1031, and not under Acts 1909, p. 237, as erroneously supposed by appellant. The appeal should be dismissed, since this is strictly a statutory proceeding, and no appeal is therein provided for. 203 Ala. 444, 83 South. 334; (N. J.) 110 Atl. 816; (Ind.) 127 N. E. 624; (Mo.) 216 S. W. 530; 186 Ala. 572, 64 South. 960; 188 Ala. 650, 65 South. 964; 192 Ala. 9, 68 South. 322. The rule as to procedure or practice may be waived by agreement of counsel, which, being made in open court, need not be in writing. 34 Ala. 613; 36 Ala. 141; 91 Ala. 591, 8 South. 419, 11 L. R. A. 443; 107 Ala. 634, 18 South. 254; 111 Ala. 604, 20 South. 600.

ANDERSON, C. J. This was a proceeding on the part of the state to condemn certain stock food, under the Acts of 1919 (pages 88 and 1069); this appellant having interposed a claim thereto as provided by said statute. The trial court rendered a decree condemning said foodstuff and disallowed the claimant's claim; hence this appeal.

[1] Section 11 of the Act of 1919, p. 1071, among other things, provides that the cause must be tried as a case in equity and without a jury. This, therefore, being a case in equity, and the trial court having granted the complainant relief, the record must show that it had before it some legal evidence to support the decree. The record fails to disclose a note of the testimony as required by the chancery rule 75, and this case must be reversed upon the authority of Brassell v. Brassell, ante, p. 201, 87 South. 347, and cases there cited.

[2] The written statement of the trial judge, dated November 13, 1920 (on page 13 of the record), four months after the decree and three months after the loss of control over same, cannot be looked to in considering the question involved, though we do not mean to intimate that it would change the result if the same could be considered.

[3] While this is a new right or cause of action created by the act above cited, the circuit court in equity is given jurisdiction of same in a general as distinguished from a summary way, and the decree rendered is a final one and appealable under section 2837 of the Code of 1907, which covers all final judgments and decrees of the chancery, circuit, or other courts of like jurisdiction, etc. Of course, this section does not cover or apply to findings of certain boards or bodies not included in same, and whose orders or awards are not appealable unless specially made so by other statutory provisions, such as dealt with in the case of Ex parte Smith, Atty. Gen., 203 Ala. 444, 83 South. 334. The power given to hear and determine the issues under the acts in question is to the circuit court in equity, and not to a judge, to be exercised merely in a summary manner different from the ordinary exercise of the general powers of the chancery court, and differentiated this case from Ex parte Buckley, 53 Ala. 42, and Crowder v. Fletcher, 80 Ala. 219.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.