(89 South. 745)

**BLACKBURN et al. v. MOORE.** (6 Div. 94.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 30, 1921.)

1. Infants ⬅19—Proceeding to modify decree as to custody of child is in equity, though in form one for habeas corpus.

A proceeding to modify a decree awarding the custody of a minor child is a proceeding in equity as distinguished from an ordinary habeas corpus proceeding at law, though the petition is in form one for habeas corpus.

2. Infants ⬅19—Decree reversed where record contains no testimony.

In proceeding to modify decree as to custody of minor child, the decree must be re-

versed where the record contains no note of testimony as required by chancery rule No. 75, such a proceeding being one in equity, and not an ordinary habeas corpus proceeding at law, even though petition was in form one for habeas corpus.

## 3. Infants  ◉◎18—Matters affecting infants subject of chancery jurisdiction.

Any matter affecting an infant child may become a subject of chancery jurisdiction, and it is immaterial whether it is brought to the attention of the court by bill, petition, or application for habeas corpus.

Sayre, McClellan, and Somerville, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Bill by Mrs. Monnie Blackburn Moore against J. W. Blackburn and others to modify a former decree awarding the custody of the child and for the custody of the child. From a decree granting the relief prayed, respondents appeal. Reversed and remanded.

Bankhead & Bankhead, of Jasper, for appellants.

Counsel discuss the facts in the case, and cite authorities in support of their contention that the court erred in awarding the custody of the child to the mother; but, in view of the opinion, it is not deemed necessary to set them out here. Counsel insist that the failure to note testimony on submission must work a reversal of the decree, and they cite 204 Ala. 101, 85 South. 414; 204 Ala. 288, 85 South. 707; Chan. Rules, 75.

Black & Harris, of Birmingham, for appellee.

Counsel discuss the facts and insist, with citation of authority, that the decree should be affirmed; but, in view of the opinion, it is not deemed necessary to here set them out. They further insist that the decree modifying the former decree will not support an appeal, and they cite 192 Ala. 280, 68 South. 351.

SAYRE, J. The appeal in this case is from an order on the hearing of a writ of habeas corpus. The purpose of the writ was to determine the proper custody of a minor. In the determination of that issue the paramount consideration was the well-being of the child, and that was a question of fact. The object of a bill of exceptions is to make a matter of record what would not otherwise appear as such. This court, on appeal in cases at law, cannot review findings of fact unless the evidence upon which the trial court proceeded is duly authenticated by the certificate and signature of the trial judge and so made a part of the record. In equity the procedure is different. There the regis-

ter certifies the record without the intervention of the judge, but the evidence considered in the cause must be shown by a note of testimony. In this case there is no bill of exceptions. I am unable, therefore, to review the facts, and, in consequence, I think the order appealed from should be affirmed. I cannot concur in the holding that a writ of habeas corpus puts on foot a proceeding in chancery, though it is conceded of course that one prime equitable consideration, viz. the welfare of the child, rather than the strict legal rights of parents, influences rulings in cases involving the custody of minor children. This proceeding was before the judge, not the court, and in no event can it be considered a proceeding such as the court of chancery is accustomed to entertain. In this view McCLELLAN and SOMERVILLE, JJ., concur.

ANDERSON, C. J., and GARDNER, THOMAS, and MILLER, JJ., a majority of the court, hold that this is a proceeding in equity, and that the decree must be reversed for the reason that the record shows no note of testimony as required by chancery rule 75. Lunday v. Jones, 204 Ala. 326, 85 South. 411, which has been frequently followed, right lately in Brassell v. Brassell, 205 Ala. 201, 87 South. 347; Milam-Morgan Co. v. State, 205 Ala. 315, 87 South. 348.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, and MILLER, JJ., concur. McCLELLAN, SAYRE, and SOMERVILLE, JJ., dissent.

ANDERSON, C. J. (for the majority). [1-3] While the petition in this case is in form one for habeas corpus, it does not merely seek the release or discharge of one illegally restrained, but the relief sought and obtained was the modification of a former decree of the circuit court in equity whereby it had awarded the custody and control of a minor child and was to all intents and purposes a proceeding in equity as distinguished from an ordinary habeas corpus at law. "Any matter affecting a child may become a subject of chancery jurisdiction; and it is immaterial whether it is brought to the attention of the court by bill, petition, or application for the writ of habeas corpus." Woodruff v. Conley, 50 Ala. 304; Murphree v. Hanson, 197 Ala. 246, 72 South. 437; McDaniel v. Youngblood, 201 Ala. 260, 77 South. 674. Indeed, this court held upon a former branch of this case (Ex parte Shuptrine, 204 Ala. 111, 85 South. 494) that the judge of the Tenth circuit had exercised equity jurisdiction in assuming the control of the custody of this child. And in Ex parte Blackburn, 204 Ala. 132, 85 South. 495, that this identi-

cal petition was not the commencement of a suit, but merely sought additional orders in a pending cause.

This being a question of chancery cognizance, the trial should have conformed to chancery rule 75, and, not having done so, there was no legal evidence to support the decree granting relief; and the case must be reversed and remanded. Authorities cited by SAYRE, J., for the majority.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, and MILLER, JJ., concur.