(119 So. 675)

**ALLISON v. COX et ux.   (6 Div. 232.)**

Supreme Court of Alabama.   Jan. 17, 1929.

Parrish & Spencer, of Birmingham, for appellant.

J. A. Lipscomb and H. P. Lipscomb, Jr., both of Bessemer, for appellees.

GARDNER, J. This litigation arises over the custody of a child three years of age, appellant (petitioner in the court below) being the paternal grandmother of the child, and appellees its maternal grandparents. The proceedings were instituted on the law side of the docket and by way of petition for a writ of habeas corpus.

It has been repeatedly held by this court that any matter affecting a child may become a subject of chancery jurisdiction, and it is immaterial whether that jurisdiction is invoked by bill, petition, or application for habeas corpus. Hayes v. Hayes, 192 Ala. 280, 68 So. 351; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Blackburn v. Moore, 206 Ala. 335, 89 So. 745; Thomas v. State, 215 Ala. 1, 109 So. 607. But petitioner in the instant case did not seek to invoke this equity jurisdiction, but, on the contrary, by way of demurrer, objected to the effort of defendants to transfer the cause to the equity docket. The petition was addressed to the presiding judge of the court on the law side of the docket, and appeared to rest upon the contention of petitioner's legal right as a duly appointed guardian of the child by the Tennessee court, and its unlawful restraint by respondents. The authorities cited by appellant are to this effect. Dorman v. Ogbourne, 16 Ala. 759; Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501; note Schmidt v. Shaver, 89 Am. St. Rep. 274.

The case was considered as one at law by counsel for appellant, the case here being presented by bill of exceptions, and no note of testimony (Blackburn v. Moore, 206 Ala. 335, 89 So. 745), and was so recognized by the trial judge in his order denying relief. It was made to appear upon the hearing that on July 11, 1928, the question of the custody of the child was determined on the equity side of the docket before the chancellor on petition of this petitioner as an individual against Frank L. Cox, respondent here, and maternal grandfather of the child, and in that litigation the care and custody of the child was awarded to the defendants to this proceeding. There appears to have been no appeal from that decree, and the same is in full force and effect. Subsequent to this decree petitioner therein was appointed guardian of the child by the Tennessee court, and institutes this proceeding in her capacity as such guardian. Upon these matters being made to appear, the trial court entered the following order: "Upon hearing and consideration of the petition and return or plea filed herein and the evidence offered it is made to appear to this court that heretofore a petition for habeas corpus was filed in the equity side of this court and heard by Hon. Wm. M. Walker (as chancellor) sitting in equity and he passed or made a decree on to-wit July 11th, 1928, assuming jurisdiction over the minor, to wit, Helen Estelle Allison, and said minor became a ward of chancery, whereupon, It is ordered and adjudged by the court that the petition now filed on the law side of this court for the custody of said minor by Mrs. Loulie Allison as testamentary guardian, be and the same is hereby denied.

to which action of the court petitioner excepts."

In this the trial court correctly ruled. By appropriate proceeding instituted by this petitioner as an individual, the equity court had assumed jurisdiction of this child, and had upon due hearing decreed its custody. The child thereby became a ward of the court and the jurisdiction was in a sense a continuous one, and any change in circumstances which may be considered as justifying a modification of such decree should be addressed to the court having such assumed jurisdiction. Murphree v. Hanson, supra; Hayes v. Hayes, supra; Ex parte Blackburn, 204 Ala. 132, 85 So. 495; Blackburn v. Moore, supra. A ruling to the contrary would have involved, improperly, a collateral impeachment of a decree duly rendered by the equity court which had jurisdiction of the parties and inherent jurisdiction of the subject-matter.

A consideration of the authorities cited by counsel for appellant, which have been duly considered, do not militate against the conclusion here reached.

We entertain the view the trial court correctly ruled in denying the petition, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.