142 So. 61

## HALL v. KIRKLAND.
### 1 Div. 714.

Supreme Court of Alabama.
May 12, 1932.

Rehearing Denied June 9, 1932.

Frank J. Yerger, of Mobile, for appellant.

Geo. S. Taylor and Frank S. Coffin, both of Mobile, for appellee.

FOSTER, J.

This proceeding was begun in the Juvenile Court of Mobile. Acts 1927, p. 653. It is a controversy over the custody of a five year old girl, and is between her parents who had separated, and both later had remarried. The juvenile court awarded her custody to the mother. The father appealed to the circuit court. It was there transferred to the equity docket without objection on motion of the mother. The father then filed a formal petition in the nature of an original bill in equity, praying that the custody of the child be awarded to the father and mother of respondent, the maternal grandparents of the child, alleging that respondent is not suitable for her custody. This petition was not answered, but respondent had filed an answer and cross-bill in the juvenile court, which became a part of the record on appeal.

When the cause came on to be heard, it was submitted on the petition and the answer and cross-bill, along with the other matters shown by the note of testimony, and heard without objection, both parties being present and participating in a trial had on oral testimony given as at law. The court entered a decree holding that the respondent was a proper person to have the custody of the child, and that her best interest would be served in her mother's care, and dismissed the petition.

The record shows that, although the answer and cross-bill may not have been formally refiled to the last petition, which was not technically at issue, the parties and court treated the cross-bill as though refiled, and tried the case on such issues. This court will do likewise. Thomas v. Barnes, 219 Ala. 652, 123 So. 18.

The act gives the circuit court on appeal the right and makes it a duty to try the case de novo, and it may make final disposition of the cause or remand it to the juvenile court, with instructions. Acts 1927, pages 664, 665. See, as analogous to this, the discussion in Hymes v. State, 209 Ala. 91, 95 So. 383; Martin v. State, 210 Ala. 44, 97 So. 57.

If that act controls in this case, the circuit court had the power under it to enter the decree which was rendered. If that act had been repealed (see Kearley v. State, ex rel. Hamilton, 223 Ala. 548, 137 So. 424; Acts 1931, pp. 479 and 545), the case was tried in chancery on a petition relating to a cause within the general jurisdiction of the court, in which all the parties made a general appearance without objection to the procedure or process. The converse of this situation was treated where such a suit was transferred to the juvenile court from the chancery court, and there tried without objection. Ex parte Pruitt, 207 Ala. 261, 92 So. 426. In such a cause, the state of the pleading is not controlling. Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; McDaniel v. Young-blood, 201 Ala. 260, 77 So. 674.

If the court correctly found that it was best to permit the custody of the child to remain with her mother, the decree was within the power of the court, both under the terms of the Juvenile Act of 1927 applicable to Mobile county and under the general jurisdiction of the court.

The real question is the one which was in fact tried by the chancery court, and was one of fact on evidence taken in open court. Before the evidence for respondent was finished, the judge announced that in his opinion respondent did not need to offer further proof, and terminated the introduction of her proof as being unnecessary to prolong it, and dismissed the petition.

There was a similar hearing in the juvenile court. In both instances the judge found that the custody of the child was not in an unsafe environment. We refrain from discussing the evidence. But it is of such nature that, in the future, circumstances may require that her custody should be changed. There has been serious misconduct by her mother, and it may occur again to the extent that she would not be fit and suitable to have the custody of the child, a girl. We think, therefore, that instead of dismissing the cause the decree of the court should be modified to the extent that it shall retain jurisdiction of it, and that the custody of the child be allowed to remain with respondent until such time as upon a further consideration by the court it should be found best for her welfare to make a change. Ex parte Shuptrine, 204 Ala. 111, 85 So. 494; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Ex parte Blackburn, 204 Ala. 132, 85 So. 495; Blackburn v. Moore, 206 Ala. 335, 89 So. 745; Allison v. Cox, 218 Ala. 548, 119 So. 675.

As thus modified, the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.