45 So.2d 163

**BUREAU OF CATHOLIC CHARITIES v. DEAKLE.**

**I Div. 397.**

Supreme Court of Alabama.

March 23, 1950.

Vincent F. Kilborn, of Mobile, for appellants.

472

D. R. Coley, Jr., of Mobile, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of the Bureau of Catholic Charities, St. Mary's Orphanage and Catholic Boy's Home (appellants) to the petition of Troy Leon Deakle (appellee). The allegations of the petition show the following. Troy Leon Deakle is a resident citizen of Mobile County over the age of twenty-one years and is the duly appointed and qualified guardian of the persons and estates of Betty Ann Deakle, a minor eight years of age; Dorrance Everet Deakle, Jr., a minor twelve years of age, and Joseph Patrick Deakle, a minor nine years of age.

The Bureau of Catholic Charities, Diocese of Mobile, has assumed control and custody of the aforesaid minor children and Betty Ann Deakle is now kept in St. Mary's Orphanage in Mobile while Dorrance Everet Deakle, Jr. and Joseph Patrick Deakle are in the Catholic Boy's Home in the City of Mobile. The children were taken into custody by the Bureau of Catholic Charities immediately after the death of their father Everet Deakle, Sr. on to wit January 9, 1948 and before the appointment of petitioner as their legal guardian.

Dorrance Everet Deakle, Sr. prior to his death had made arrangements so that in the event of his death the children could be placed and kept in the Masonic Orphanage at Montgomery, Alabama and had expressed the desire that they be so placed. The Masonic Orphanage at Mongomery has advised petitioner that it is ready to receive the children, that they will be kept and maintained in the home at Montgomery, will be given high school educations and if desired college educations and will be permitted to attend the church of their preference and will receive the best possible care. The petition contains the following allegation. "That your petitioner believes that it would be to the best interest of said children that they be placed in said Masonic Orphanage and in deference to the expressed wishes of their deceased father, he desires that they be placed in said home."

It is further alleged in substance that petitioner has requested the Bureau of Catholic Charities to deliver the children to him in order that he might place them in the Masonic Orphanage but his request has been refused.

We consider that the allegations of the petition are sufficient to call into exercise the full jurisdiction of the equity court with respect to the custody of these minor chil--

dren. Mere legal niceties in pleading are not favored in a case of this character. The petition alleges that "it would be to the best interest of said children that they be placed in said Masonic Orphanage." Stripped of everything else in the petition this presents the single and paramount issue, which is the welfare of the children. Murphree v. Hanson et al., 197 Ala. 246, 72 So. 437; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Blackburn et al. v. Moore, 206 Ala. 335, 89 So. 745; Payne v. Payne, 218 Ala. 220, 118 So. 575; Scott v. Scott, 247 Ala. 598, 25 So.2d 673.

■ The court does not proceed on the theory that one litigant has a cause of action against the other, but acts as *parens patriae* to do what is best for the welfare of the children. Ex parte White, 245 Ala. 212, 16 So.2d 500. So we do not consider that the respondent is required to take issue on the belief of the petitioner, but simply that the petition is sufficient to require the court to determine what is best for the children.

The demurrers which were filed by each respondent, not only challenge the equity of the petition, but point out that the guardian is not seeking custody for himself, but seeks to take the children out of institutions which for his own reasons he does not prefer and place them outside of Mobile County in institutions in Montgomery. As pointed out we are not concerned here with mere legal niceties in pleading. The guardian has sufficiently alleged that it is to the best interest of the children that they be placed in the Masonic Home. If this is true the personal reasons of the guardian are not controlling.

■ Our attention is called to the statutes which comprise Articles 1 and 2 of Chapter 4 of Title 49, Code of 1940. We assume that all the institutions referred to in the petition are child-caring institutions. But these statutes were not intended to override or supersede the jurisdiction of equity courts where that jurisdiction has been invoked. In fact the powers vested in such courts to award the custody of children is recognized as unaffected by the statutes. § 79, Title 49, Code of 1940.

■ We have also noted Ex parte Fletcher, 225 Ala. 139, 142 So. 30, and Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501, cited by appellants. These cases in nowise conflict with the principle that equity does not concern itself with the disputants in disputes of this kind but is only concerned with the welfare of the child. Ex parte White, 245 Ala. 212, 16 So.2d 500. As stated the best interest of the children is the one and only issue before the court.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.

BROWN, J., dissents.

BROWN, Justice (dissenting).

The pleading to which the demurrer was addressed is characterized "Original petition." It conforms to equity rule 11, Code 1940, Tit. 7, p. 1050, with one exception. It does not *"contain a clear and orderly statement of the facts on which the suit is founded"*. The petition deals with a fixed status of the custody of three minor children existing in the county of their residence, who have been in the custody of respondents for one and one-half years, a status coming to existence while said children were in necessitous circumstances and in need of the love and care of some person or institution, prompted by the principle declared by the great humanitarian, "The Christ", "when you have done it unto one of the least of these my brethren, you have done it unto me."

In such proceedings the paramount consideration is the best interest and welfare of the infant. The allegations of the petition or bill show that some eighteen months before these proceedings were instituted, the sole surviving parent of these children departed this life; that before his death the father made some sort of arrangement with the Masonic Orphanage in Montgomery to care for his children. Just what it was, the petition does not allege. Nevertheless no effort was made by anyone to protect and care for them except the defendants until after the expiration of eighteen months—time enough if they had not

been given succor for them to have perished. The only averment as to the welfare of said children is, *"That your petitioner believes that it would be to the best interest of said children* that they be placed in said Masonic Orphanage and in deference to the expressed wishes of their deceased father, he desires that they be placed in said home."

The majority opinion proceeds on the theory that Rule 11 of Equity Practice and the settled procedure and practice of courts of equity in Alabama, requiring a clear and orderly statement of the facts on which the suit is founded, are not applicable to proceedings dealing with the custody of infants. The opinion omits from its statement in paragraph 6, "That your petitioner believes" just preceding the further statement, "that it would be to the best interest of said children that they be placed in said Masonic Orphanage". It treats the requirements of the rule that "the bill or petition must contain a clear and orderly statement of the facts on which the suit is founded," as "mere legal nicety in pleading," not to be favored in such cases as this. That the mere belief of the pleader is all sufficient. The cases cited lay down no such relaxation of the rule.

In Murphree v. Hanson et al., 197 Ala. 246, 252, 72 So. 437, 440, the court quoting approvingly from Mr. Schouler in his work on Domestic Relations (p. 490) said: " * * * The good of the child is superior to all other considerations. Of this the court will judge in each case by the circumstances, and make orders accordingly, both as to actual custody and as to the persons who may have access to the child * * *." And on the next page of the report, 197 Ala. page 253, 72 So. page 440, quoting from Lee v. Lee, 55 Ala. 590, the court observed: " * * * Whenever a suit is instituted for the protection of the infant, either in person or estate (the writer interpolates, by pleading complying in substance with the rule though it may not comply in form), the infant becomes a ward of the court, and the court exercises over him and his estate a general supervision and control. * * *."

The above statement of the rule without the interpolation has led some to believe that a court of equity may informally, without pleading, deal with the custody of minor children. See as an illustration Ex parte Gilbert, Ala.Sup., 43 So.2d 816. The "nicety of pleading" referred to in the majority opinion is explained by the following utterance in the next case cited. In McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674, 675, it was said: "It was recently held that matters affecting the welfare of an infant may become the subject of chancery jurisdiction; it is immaterial whether it is brought to the attention of the court by bill, petition, or habeas corpus. Murphree v. Hanson, 197 Ala. 246, 72 So. 437." There is nothing in that case or in any of the cases cited to show that parties and courts may wholly disregard the rules of pleading and practice pertaining to courts of equity and proceed on allegations of the *mere belief* of the complaining party. Browder v. Board of Commissioners, 228 Ala. 687, 155 So. 366; Berman v. Wreck-A-Pair Bldg. Co., 236 Ala. 301, 182 So. 54; Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

In Blackburn et al. v. Moore, 206 Ala. 335, 336, 89 So. 745, it was said: "While the petition in this case is in form one for habeas corpus, it does not merely seek the release or discharge of one illegally restrained, but the relief sought and obtained was the modification of a former decree of the circuit court in equity whereby it had awarded the custody and control of a minor child and was to all intents and purposes a proceeding in equity as distinguished from an ordinary habeas corpus at law. 'Any matter affecting a child may become a subject of chancery jurisdiction; and it is immaterial whether it is brought to the attention of the court by bill, petition, or application for writ of habeas corpus.' Woodruff v. Conley, 50 Ala. 304; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674. Indeed, this court held upon a former branch of this case (Ex parte Shuptrine, 204 Ala. 111, 85 South. 494), that the judge of the Tenth circuit had exercised equity jurisdiction in assuming the control

of the custody of this child. And in ex parte Blackburn, 204 Ala. 132, 85 So. 495, that this identical petition was not the commencement of a suit, but merely sought additional orders in a pending cause.

"This being a question of chancery cognizance, the trial should have conformed to chancery rule 75, and not having done so,. there was no legal evidence to support the decree granting relief; and the case must be reversed and remanded. Authorities cited by Sayre, J., for the majority."

In Payne v. Payne, 218 Ala. 330, 118 So. 575, it was held, "Parents cannot bind a court of equity by any agreement as to disposition of custody of their child." And again "In proceeding for custody of five year old boy against child's mother by paternal grandfather, who had adopted child after child's parents were divorced," it was held that the chancellor "erred in confining inquiry solely to question of fitness of mother to have custody of child, but should have considered all questions relating to child's welfare, including proof that mother agreed and acquiesced in petitioner's adoption and continued custody of child."

There is nothing in any of the cited cases that holds or tends to hold that the mere "belief" of the moving party is sufficient to invite a court of equity to interfere with and upset a status in respect to the custody of infants. Nor is there any holding that the settled and fundamental procedure and practice in courts of equity do not obtain in such cases. There is nothing in the cases cited in the majority opinion or in the books contrary to what was said in McDonald v. Mobile Life Ins. Co., 56 Ala. 468, and repeatedly reiterated down to the present day, that: "Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved,

are the only premises which will uphold a chancery decree. * * *."

The effect of the cases cited is, if the pleading states a case in substance inviting the court to intervene, it will do so, though the pleading is bad in form.

Ex parte Shuptrine, 204 Ala. 111, 85 So. 494, was an original petition filed here to compel one of the judges of the circuit court of Jefferson County to dismiss a pending cause according to the agreement of the parties concerning the custody of a minor child over which the court had assumed jurisdiction and decreed, not the institution of a suit in the circuit court.

Being of opinion that grounds 7, 10 and 14 of the demurrer were well taken and that the circuit court erred in overruling the demurrer, I respectfully dissent.